But Strong, Sedgwick, and Sewall, justices, were clear that the plea of non-tenure was not taken away by the statute; that nothing but express, positive words could do it; that the statute had no such words,. and therefore admitted the plea. Thacher, J., gave no opinion on the point.
The demandant’s counsel moved that the assignee *of [ * 185 ] Fales, who had been declared a bankrupt since the commencement of the present action, might be admitted to prosecute; and he cited the 13¿A sect, of the statute of the United States relative to bankruptcy, to prove the right of the assignee to prosecute the action. The Court held that the assignee could not come in under the statute, and prosecute a real action commenced by the bankrupt.
The demandant, in support of his claim, proved a judgment recovered by him against Asa Thompson and Nehemiah Thompson, at the Court holden in this county on the last Tuesday of Sept. 1801, for $1100 46 cents damages, and $31 15 cents costs, upon which execution issued, and was levied and extended, the 28th of Oct. 1801, on lands of Asa Thompson, being the lands demanded, and which were attached on the original writ in that action, March 10, 1810.
The tenant did not question the regularity of the extent, but claimed titlé to 60 acres of the lands demanded by virtue of a deed to himself from Asa Thompson, Jun., dated Feb. 2, 1801, and registered Feb. 6, 1801 ; in which deed the lands were described as *102 having been conveyed to him, Asa Thompson, Jun., by his father; who was Asa Thompson, one of the judgment-debtors. The deed from Asa Thompson, the father, to Asa Thompson, Jun., the son, was dated June 23,1800, and registered the 25th day of June, in the same year.
These deeds, it was contended by the counsel for the demandant, were fraudulent against creditors; and as the first step to show that the deeds ought not to operate against the claim of the demandant in the present action, it would be necessary to prove that Asa Thompson, the father, was indebted to the demandant, Fales, at the time the deed was made from Asa, the father, to Asa, [ * 136 ] the son. And the counsel stated that N. # Thompson, one of the judgment-debtors, was indebted to Fales; and that on the 16th day of Sept. 1799, Fales on the one part, and the judgment-debtors on the other part, entered into a. rule of reference before a justice of the peace, submitting all demands between the parties to the determination of referees, agreeably to the statute; that on the 2d day of July, 1800, the referees met, heard the parties, and made their award; which was returned to and accepted by the Court of Common Pleas in the county of Lincoln, in Sept. 180p, and judgment rendered on the award against Asa Thompson and Nehemiah Thompson; upon which judgment an action of debt was brought against them by Fales, the demandant, and the judgment rendered on which the execution issued which was levied and extended upon the lands in question.
The counsel for the tenant insisted that there was no debt due from Thompson, the father, at the time he conveyed the lands in question to his son ; that the rendition of the first judgment was what made him the debtor of Fales : this being subsequent to the time of the conveyance of the lands by the father to the son, could not affect that conveyance; and therefore it could not be considered fraudulent as it respected the present demandant. Had he entered into the rule for a debt of his own, it might have been otherwise ; but as he has merely a surety for the performance, in case any thing should be recovered, he could not be considered as a debtor until the uncertainty was made a certainty; which was not until the judgment in Sept. 1800, or at any rate not before the award was made in July, 1800, both of which were subsequent to the deed of the father to the son.
The counsel for the demandant contended that, by entering into the rule with Nehemiah Thompson, he, Asa Thompson, the father, had voluntarily put himself in the same situation with f * 137 ] Nehemiah; as * much as if he had entered into a bond in which he should have bound himself as surety, with *103 Nehemiah as principal; and therefore that he must be considered as a debtor of Fales, the demandant, at the time of the conveyance of the lands in question to Asa Thompson, Jun.
Whiting for the demandant.
Parsons and Thomas for the tenant.
The Court consulted a short time on the bench ; when Sedgwick, J., stated to the jury that the Court, upon the best consideration they could give the case, were inclined to the opinion that there was no existing debt due from Asa Thompson, the father, to the demandant, Fales, at the time the first deed was executed; that entering into the rule of reference, as surety for Nehemiah Thompson, did not create a debt in Asa, but that the debt, as it respected him, must be considered as arising and first becoming due upon the rendition of the judgment in Sept. 1800. As this was subsequent to the deed of Asa Thompson to Asa Thompson, Jun., the jury ought to find a verdict for the tenant.
The jury found a verdict accordingly.
Note.—Is it certain that the assignee was not entitled in this case to come m and prosecute the action? See and compare the lltk and 13th sections of the law of the United States for establishing a uniform system of bankruptcy. See also 2 H. B. Rep. 444, Smith & Al. Ass. vs. Coffin & Ux. Quaere, whether it appeared, in any part of the record produced in this case, that Asa Thompson was the surety of Nehemiah Thompson. If, as it is believed, it did not so appear, would it be competent for the tenant to prove the fact by matter dehors ?
Since the trial, the reporter has been informed, from the best authority, that Thacker, J., did not concur with the rest of the Court in the opinion which Sedgwick, J., stated as that to which the Court inclined.