(Decided January 4th, 1898).

CATHARINE R. RICHARDSON ET AL. *vs.* ANNIE M. OWINGS ET AL.

*Mortgages—Statutory Foreclosure Under Local Code, Art. 4—Right of Assignee of Part of Mortgage Debt to Foreclose—Exceptions to Ratification of Sale.*

Under Local Code, Art. 4, secs. 692, 703, &c., the assignee of some of the notes secured by a mortgage which contains a consent to a statutory foreclosure, may, after default, obtain a decree for sale without making the holders of other notes, secured by the mortgage, parties to the proceeding.

A mortgagor has a right to except to the ratification of a sale made under the mortgage upon the ground of the invalidity of the decree.

Appeal from an order of the Circuit Court of Baltimore City (DENNIS, J.), overruling exceptions to a mortgage sale and finally ratifying the same.

The cause was submitted to the Full Bench on briefs by *Joseph P. Merryman* and *Ernest Hoen, Jr.*, for the appellants, and *Oscar L. Quinlan* for the appellees.

BOYD, J., delivered the opinion of the Court.

The appeal in this case was taken from an order of the Circuit Court of Baltimore City ratifying a sale made by a trustee appointed to sell the property mortgaged by the appellants to Charles Herbert Richardson, executor of Matilda

M. Richardson. The mortgage was given to secure four promissory notes, each being for the sum of eleven hundred dollars. One of them was assigned to Annie M. Owings, another to John A. Richardson and the other two to C. Herbert Richardson, and William K. Richardson, trustees. The appellees filed a petition, and with it the original mortgage, alleging that one of the notes secured by the mortgage had been assigned to each of them, that default had been made in the payment of the mortgage debt and interest and praying the Court to pass a decree for the sale of the mortgaged premises, in accordance with the provisions of Art. 4, sections 694 to 704 inclusive of the Public Local Laws. A decree was passed in the usual form appointing Oscar L. Quinlan trustee, who made and reported a sale of the premises, and exceptions were filed by the appellants to the ratification thereof. The exceptions were overruled and the only questions urged before us are:

. 1. Whether the appellants are entitled to except to the ratification of the sale ; and

2. Whether the decree was invalid because it was passed, at the instance of the appellees, without making the holders of the other two notes parties to the proceedings.

As to the first question, we are of the opinion that the appellants were entitled to file exceptions to the ratification of the sale. If, as contended by them, the decree was invalid because all the parties holding the notes secured by the mortgage were not made parties, the property might be sacrificed by reason of such defect in the proceedings which would necessarily affect them. If the petitioners were not entitled to a decree, as alleged in one of the exceptions, the mortgagors could certainly urge that objection to the ratification of the sale. So without further discussion of that branch of the case we will proceed to the consideration of the second, which is the important one.

There has been a number of decisions in this Court construing one or more of the sections of the Local Code above referred to, but this precise question has not been decided,

although it is one of importance and one that we might suppose would have arisen before. It may be conceded that if the appellees had filed an ordinary bill to foreclose the mortgage, all persons interested, including the holders of the other two notes, should have been made parties, and it cannot be denied that there must be a substantial compliance with the requirements of the statute which authorizes such a summary proceeding against the mortgaged premises in case of default. We must, however, determine the question by ascertaining the true meaning of these provisions, so far as applicable to this point. Section 692 of Art. 4 of the Local Code, as amended by ch. 197 of the laws of 1890, provides that " in all cases of conveyances of land  *  * wherein the mortgagor shall declare his assent to the passing of a decree for the sale of the same, it shall be lawful for the mortgagee or his assigns at any time after filing the same to be recorded, to submit to either of the Circuit Courts of Baltimore City the said conveyances or copies thereof under seal of the Superior Court, and the Circuit Court to which the same is so submitted, may thereupon forthwith decree that the mortgaged premises shall be sold," etc. In this mortgage there was the assent of the mortgagors, the appellants, to the passing of a decree and to a sale under it, in case of default, and also to a sale by the mortgagee, his executor, administrator or assigns, under the provisions of the Public General Laws, if default be made. It would seem clear, then, that if all the notes had been assigned to one person he would have been entitled to a decree, and it is not denied that the holders of all the notes could have obtained a valid decree on their joint application. Section 703 of this Article provides that if a default has taken place before the conveyance is submitted to the Court, " it shall, nevertheless, be the duty of said Court, upon the submission of the said conveyance to such Court, after the said default, to forthwith decree that the mortgaged premises shall be sold  *  * but before each sale, the mortgagee or mortgagees, or some of the mortgagees, or the executor

or the administrator of a deceased mortgagee, or the assignee
or assignees of the mortgagee, or one of such assignees, or
the executor or administrator of a deceased assignee, shall
file in the Court in which the said proceedings are pending,
a statement of the amount of the said mortgage claim remain-
ing due," etc.   This mortgage was not submitted to the
Court for decree until after default, and the last mentioned
section therefore applies.   Taking the whole section together,
as we must, it is evident that the Legislature, although not
distinctly stating who could submit the mortgage, intended
that any of the parties authorized in the subsequent part of
the section to file the statement of the amount due, could
do so.   It has been held by this Court that although the
statement can be filed after the decree is passed, yet if not
filed before the sale, and the Court's attention is directed to
that fact, the sale ought not to be ratified.   That being so,
it would seem clear that when the Legislature authorized
the Court to pass a decree for sale upon the submission of
the mortgage to it, without stating who could submit it, but
provided that the sale could not be made unless the state-
ment was filed by one or more of the parties named, all of
whom are interested parties, it intended that the decree
could be passed at the instance of any of them.   The ap-
pellants cannot be injured by this interpretation of the stat-
ute, because if the holders of the other notes should attempt
another proceeding it should be promptly stayed, as the
decree already passed is for the sale of the premises to sat-
isfy the whole mortgage debt and the holders of the other
notes are entitled to their shares of the proceeds of sale.   As
we said in *Hughes* v. *Riggs*, 84 Md. 502, " the decree is
required to be passed on an *ex parte* petition by the mort-
gagee or his assigns and so, of course, there can be no party
defendant in the proceedings."   If, then, the holders of the
other notes declined to unite in the petition and the appel-
lants were correct in their contention that they must be
parties, the appellees would have been deprived of the right
to obtain a decree under this Local Law, although they

were assignees of the mortgage, and the statute expressly provides that a decree shall be passed on application of the mortgagee *or his assigns.*   It is true they could have sold under the power of sale, which was also included in the mortgage, but if they had proceeded under that power the holders of the other notes would not have been parties, and neither they nor the appellants would have been in any better position than they are now.   Section 6 of Art. 66 of the Code of Public General Laws, which authorizes sales to be made by mortgagees, or other persons named in the mortgages, under powers contained in them, provides that " where the interests in any mortgage are held under one or more assignments, or otherwise, the power of sale therein contained shall be held divisible, and he or they holding any such interest, who shall first institute proceedings to execute such power, shall thereby acquire exclusive right to sell the mortgaged premises "—thus giving the holder of a part of the mortgage debt the right to exercise the power himself, whilst under our construction of this Local Law he only obtains from the Court a decree appointing a trustee who represents all parties interested.   It is apparent, then, that when we hold that the law applicable to Baltimore City authorizes the holder of a part of the mortgage debt to procure a decree without making the owners of the other interests parties, our interpretation is in accord with the policy of the legislation of the State as manifested in the general law.   No other reasons than those we have mentioned having been given for setting aside this sale, we will affirm the order of the Court below ratifying it.

> *Order affirmed, costs to be paid by*
> *the appellants.*

(Decided January 4th, 1898).