## MAYOR AND CITY COUNCIL OF BALTIMORE CITY ET AL. *vs.* ELMER M. HARPER.

*Taxation—Mortgage Participation—Certificate.*

Since Code 1912, art. 81, sec. 214, expressly provides for the taxation of "bonds" of any corporation, and ordinary mortgage bonds are taxed, it cannot be said that the settled policy of this State is to exempt all interests in mortgages.

A "mortgage participation certificate," issued by a corporation mortgagee, and distributing to subscribers rights and interests under a single specified mortgage, is not an assignment of mortgage, since the holder of the certificate does not acquire the ownership and control of the mortgage, and the company remains mortgagee of record, the only resulting change in the position of the company being that it holds upon an unrecorded trust for the certificate holder, and that it takes upon itself a direct obligation for payment, irrespective of the mortgage security.

A "mortgage participation certificate" issued by a corporation mortgagee, is an obligation of the corporation, accompanied and secured by an agreement to hold the specified mortgage owned or controlled by it allocated to the certificate, and is taxable under Code, art. 81, sec. 214, as an evidence of debt of the corporation.

*Decided April 29th, 1925.*

Appeal from the Baltimore City Court (DUKE BOND, J.).

Petition by Elmer M. Harper against the Mayor and City Council of Baltimore City, the Appeal Tax Court of Baltimore City, and the State Tax Commission of Maryland, by way of appeal from said commission. From an order in favor of said petitioner, said defendants appeal. Reversed.

The cause was argued, together with that next following, before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Philip B. Perlman, City Solicitor,* and *Charles C. Wallace, Assistant City Solicitor,* for the appellants.

*Joseph C. France* and *J. Craig McLanahan,* with whom were *France, McLanahan & Rouzer* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The question presented on this appeal is whether a "mortgage participation certificate," issued by a corporation mortgagee, distributing to subscribers, rights and interests under a single, specified mortgage, is taxable in the hands of a holder of the certificate, under article 81, section 214 of the Maryland Code, providing for taxation of "bonds, certificates of indebtedness and evidences of debt * * * of any corporation not exempt from taxation by the laws of this State." The lower court, reversing the State Tax Commission, held that such a certificate was not taxable; and the appeal is taken from that decision.

The particular certificate to be considered in this case is one issued by a corporation named the Securities Company of Baltimore. After a brief description of the mortgage, which in this instance, is one executed by two individuals to the Securities Company, to secure a loan of $3,000, the form of certificate as filled in reads:

"Know All Men By These Presents: That the Securities Company of Baltimore, a corporation of the State of Maryland (hereinafter termed 'the Company'), hereby certifies that it has received from Elmer N. Harper (hereinafter termed 'the holder') the sum of three thousand dollars, in consideration of which the company hereby assigns unto the holder an undivided interest to the extent of said sum, with interest thereon at the rate of 5½ per cent. per annum, from the date hereof, payable on the fifth of May and November in the mortgage above described, on the principal sum of which there is now owing the sum of three thousand dollars.

"Together with an undivided interest to the same extent in the obligation described in said mortgage, which mortgage, for the purpose of facilitating the collection of the debt and interest secured thereby, according to the terms thereof, the company retains in its possession, with all the papers relating thereto, agreeing, however, to note this assignment on the record of said mortgage on its books.

"To have and to hold the same to the holder, and to the successors, legal representatives, and assigns of the holder, subject to the terms hereof, which are hereby mutually agreed upon between the company and the holder.

"The company guarantees to the holder, the successors, legal representatives, and assigns of the holder, payment of the principal and interest of this certificate at the times hereinabove stated, provided that if the principal of the mortgage is not paid on the due date a further period not exceeding six months is granted in which to collect the principal. Regular payments of interest, however, are guaranteed meanwhile. The company further guarantees that said mortgage is a valid first lien on fee simple title to the property therein described.

"This certificate is one of a series all bearing the same mortgage number, the aggregate amount of principal of which certificates does not exceed the principal sum secured by said mortgage, and the share

assigned by this certificate shall be a co-ordinate lien with all other certificates of said mortgage now or hereafter issued and any share retained by the company.

"The company is appointed irrevocably by the holder to act exclusively as the agent of any holder hereof, at its own expense, as follows: To collect, and in its own name sue for and receive the principal and interest secured to be paid by said mortgage, or any part thereof, and to satisfy and discharge the said mortgage in its own name on receiving full payment thereof, either before or after maturity, or to release any portion of the mortgage premises according to the terms of said mortgage; to collect, sue for and receive and settle or compromise the fire insurance in case of loss by fire and to exercise every right, option or privilege in said mortgage, and any agreements relating thereto or in any of them contained, and given to the mortgagee.

"Whenever the principal sum secured by said mortgage, or any part thereof, shall become due for any cause, the company shall have the right without expense to the holder hereof to collect the amount so due, and out of the proceeds of such collection to retain so much as may remain, after paying to the holder hereof whatever may be due, to such holder, of principal and interest on this certificate as herein provided.

"The mortgage aforesaid and all agreements relating thereto, have been set apart by the company for the holders of certificates therein and entry has been made on the record of this mortgage on the books of the company, of all certificates in said mortgage which have been issued, and the company agrees that said mortgage and mortgage papers shall remain so set apart until all certificates shall be surrendered to it and duly cancelled, or the amount of the principal and interest represented by any certificate not surrendered may be held as hereinafter provided.

"The company shall give to the holder hereof written notice of the time of the payment of the prin-

cipal sum secured by said mortgage, or any part thereof, when this certificate is to be redeemed, by mailing such notice to the holder hereof at the address last left with the company, and on payment of said mortgage, the mortgage may be cancelled of record, although the holder hereof may fail to present this certificate. If the holder hereof shall fail to present this certificate, then on such payment to the company the principal sum of this certificate shall be deposited with it, together wtih accrued interest thereon to the date of such deposit at the rate aforesaid, as a special deposit for the benefit and credit of the holder hereof, to be paid to him with such interest as may be allowed by the company on the surrender of this certificate to the company; and from the time of such deposit all interest hereon shall cease.

"In the event of the payment of a part of the principal sum secured by said mortgage, the company shall have the right to retire any certificates to an equivalent amount or to hold the amount so paid for the benefit of the holders of the certificates of said mortgage.

"Any excess of interest collected by the company on said bond and mortgage beyond the rate mentioned in this certificate shall belong to the company.

"The interest of the holder of this certificate shall be assignable only on the books of the company in person or by attorney."

An agreed statement of facts filed by the parties adds that the Securities Company is the record holder of the mortgage, and other facts as to the practice pursued by the company which seem to be sufficiently outlined in the certificate itself and so need not be repeated.

Adhering to the terms employed, the appellee contends that he has nothing more than an assignment of a mortgage, which places him in the legal situation of the mortgagee. It is further contended that it is the policy of this State to impose no tax on a mortgage or interest in a mortgage, on property

in Baltimore City, and most of the counties, at least, such being the express provision of the Acts of 1920, ch. 332, Code, art. 81, sec. 198; and that accordingly the form of security now under consideration is not taxable.

It is not correct to say that the statutes, or the settled policy of this State, exempt all interests in mortgages, for ordinary mortgage bonds are taxed. Section 214 of article 81 expressly provides for taxing "bonds" of any corporation not exempt. And any form of security which might be classified as an "evidence of debt," under this statute, seems to be made equally taxable without reference to the possibility of its being secured by a mortgage on land. The question is whether this mortgage participation certificate, according to its real substance and effect, amounts to a bond, "certificate of indebtedness"; or "evidence of debt" of the corporation.

It is not, of course, an assignment of mortgage according to the ordinary meaning of those words, for the holder of the certificate does not have ownership and control of the mortgage transferred to him. The issuing company remains mortgagee of record, and, therefore is, so far as other persons are concerned, conclusively presumed to be the holder of all title in the mortgage. Code, art. 66, sec. 25. And by the express terms of its contract with the certificate holder it retains control, and is to release or foreclose in its own name. The company receives for its profit a margin of interest secured to it by the mortgage over and above that attached to the certificates issued, together with whatever other amounts might be charged the mortgagor in the transaction. The only change in the legal position of the company is that, instead of holding the mortgage in its own right, as by virtue of the record it is presumed to do, it holds upon an unrecorded trust for the certificate holder; and that it takes upon itself, over and above that, a direct obligation for payment, irrespective of the mortgage security. This undertaking of the corporation is not exactly a guarantee, as it is termed in the certificate, for it is not collateral to a principal obligation held by the certificate holder directly against the

borrower. The certificate holder has a direct relation only with the issuing corporation, and what he holds, exactly, is the contractual obligation of the corporation for payment of the principal and interest represented by the certificate, primarily perhaps, out of the proceeds of the mortgage held by the corporation, but, in any event, for payment either out of the proceeds of the mortgage or out of its other resources.

In the argument of appellee, importance was attached to the decision of the Circuit Court of Appeals in *Fidelity Trust Co. v. Lederer,* 289 Fed. 1009. In that case certificates of interest in rentals from a lease of railroad equipment were held not liable to the stamp tax, which was imposed by Act of Congress "on all bonds, debentures, or certificates of indebtedness issued by any person, and all instruments, however termed, issued by any corporation, with interest coupons or in registered form, known generally as corporate securities." That decision has since been reversed by the Supreme Court. *Lederer v. Fidelity Trust Company,* 267 U. S. 17, 45 Sup. Ct. Rep. 206, 69 L. ed. 234. In reversing it, however, the Supreme Court dwelt almost altogether on the phrase in the act, "known generally as corporate securities," and held that the precise limits of the corporate undertaking were unimportant, for the certificates were clearly securities. We have no such phrase to deal with in the Maryland law.

In this case our opinion is that the certificate, while issued against, or on the basis of, the mortgage held by the corporation, is not to be regarded as an assignment of the mortgage, but rather as an obligation of the issuing corporation, accompanied and secured by an agreement to hold the specified mortgage owned and controlled by it allocated to the certificate. And we have not been able to agree that the statutes of the State, or the settled policy, exempt such securities from taxation as evidences of debt, but, on the contrary, feel constrained to hold them taxable as evidences of debt of the issuing corporation. The order of the lower court will, therefore, be reversed.

*Order reversed, with costs to the appellants.*

PARKE, J., filed the following dissenting opinion:

I am unable to concur in the opinion of the Court.

At the outset it should be borne in mind that the mortgage in this case is not an equitable mortgage, but is a legal or technical mortgage within the meaning of the statutory law of this State. In other words, it is a mortgage which was given by the debtor to the creditor for an existing indebtedness between them in an ascertained amount and payable at a specified future time, and subject to the power of the creditor to defeat the legal estate granted by the payment of the mortgage debt. *Stanhope & Co. v. Dodge,* 52 Md. 492; *Bagby's Code,* 1924, art. 66, secs. 2, 5, 6, 26; art. 81, secs. 198, 204; art. 21, secs. 32, 34.

The legal title to the mortgage debt, no matter how evidenced, is conclusively presumed to be in the party holding the record title to the mortgage deed, and this legal title may be assigned by deed or by an assignment endorsed on the mortgage itself in the form indicated by the statute. The equitable title to the mortgage indebtedness may, however, be in an assignee under an assignment not of record, or without the requisites of a formal legal assignment. *Morrow v. Stanley,* 119 Md. 590, 598, 601; *Getz v. Johnson,* 143 Md. 542, 547-549. See *Byles v. Tome,* 39 Md. 461, 464; *Western Md. Ry. Co. v. Goodwin,* 77 Md. 281; 2 *Jones on Mortgages* (7th Ed.), secs. 786, 787, 812a, 813, 820. *Bagby's Code,* 1924, art. 66, secs. 2-26; art. 21, secs. 21, 32, 35, 42, 43.

2.    The Acts of 1896, chapters 120 and 143, provided (a) for the taxation of technical mortgages at the rate of eight per centum annually upon the gross amount of interest covenanted to be paid each year to the mortgagees or their assignees holding mortgages of record in this State (chapter 120, secs. 146A-146F); and, also, (b) for the taxation of "all bonds, certificates of indebtedness or evidences of debt of whatsoever form made or issued by any public or private corporation * * * not exempt from taxation by the laws of this State and owned by residents of Maryland," at the rate

of thirty cents on each one hundred dollars of the assessed value, if interest were paid thereon (chapter 120, sec. 194, and chapter 143, sec. 201). It is clear that the two rates apply to different and mutually exclusive subjects of taxation, and that the indebtedness of the mortgagor, whether in the form of a writing obligatory, a promissory note, or simply evidenced by a recital in the mortgage deed, and whether held by the mortgagee or by his assignees, was not a bond, certificate of indebtedness, or evidence of debt, within the meaning of the enactments. *Musgrove v. Balto. & Ohio R. R. Co.,* 111 Md. 638. It is further plain that if the mortgagee assigned the entire mortgage indebtedness or a portion either to one or to several in either equal or unequal moieties, the assignee or assignees would not be the holders of a bond, a certificate of indebtedness or an evidence of debt within the purview of the statute. Nor would the mortgage indebtedness be transmuted into a bond or any other form of indebtedness or evidence thereof by the mortgagee's agreement, for a new consideration from the assignee, to guarantee the payment of the principal and interest of the mortgage indebtedness to one or to several assignees of the whole or fractions of the mortgage debt; and this is true quite independently of whether the guaranty was either to all or to some or was in the form of a writing (a) endorsed on a promissory note or single bill which had been given for the mortgage debt, (b) incorporated in the assignment of the mortgage, or (c) embodied in a separate instrument. 20 *Am. & Eng. Encyc. of Law* (2nd Ed.), 1028 1030-1032, 1039-1044; *Patrick's Appeal,* 105 Pa. St. 356; *Jones on Mortgages* (7th Ed.), secs. 824a, 821, 822; 27 *Cyc.* 1289; *Richardson v. Owings,* 86 Md. 663, 665-668. Should the assignor reserve by the stipulations of the assignment the legal title to the mortgage deed, and retain possession of the original evidence of the mortgage indebtedness for the purpose of more effectually collecting and enforcing the payment of the principal and interest of the debt secured by the mortgage deed and of otherwise fulfilling his duties, and make the consideration for his services a proportion of the interest and

the control of the foreclosure proceedings, the evidence of these relations between the assignor and his one or more assignees would be a declaration of trust whereby the assignor would hold the legal title to the mortgage deed and debt for the use and benefit of the assignees. *Jones on Mortgages* (7th Ed.), secs. 819, 817, 818, 804, 805, 812a, 813; *Snyder v. Parmalee,* 80 Vt. 496; *Carson v. Phelps,* 40 Md. 73, 98-101, *Boyd v. Parker,* 43 Md. 182, 199, 200, 201; *Dixon v. Clayville,* 44 Md. 573, 578-580; *Dickey v. Pocomoke City Bank,* 89 Md. 280, 294, 295; 27*Cyc.* 1289; 19 *R. C. L.* "*Mortgages,*" sec. 120. In no sense of the term is such a declaration of trust a bond, certificate of indebtedness or evidence of debt. The equitable interests of the assignees under such declarations of trust cannot affect or alter the nature of the mortgage, which, by successive exemptions of all the other political divisions of the State, is now only subject to taxation in Frederick County. Code 1924, art. 81, sec. 198; *Musgrove v. Balto. & Ohio R. R. Co.,* 111 Md. 629.

In the instant case the participation certificate is, in effect, at once a declaration of trust and a statement of the specific quantity of equitable interest or ownership of its holder in the mortgage debt. The presence in this evidence of equitable ownership of a guaranty of the title and of the payment of the interest and of the principal, if the latter be not collected within six months next succeeding the maturity of the mortgage debt, of a grant of various incidental and accessory administrative powers, and of a prescribed compensation, cannot change the essential nature of the participation certificate, which must be looked at as a whole, and its fundamental quality is then determined by a consideration of its primary stipulations and not by its collateral and secondary provisions.

The fallacy of holding the participation certificate to be taxable as a certificate of indebtedness lies in treating the participation certificate as a primary obligation, with an existence apart from and independent of the mortgage indebtedness. The participation certificate is a muniment of title

to a definite equitable interest in a mortgage indebtedness, which has been assigned to the extent represented by the certificate, but the obligations assumed by the assignor and mortgagee of guaranty are inherently secondary, as they are conditioned on the default of the mortgagor, who is the primary promisor. *Appeal Tax Court v. Rice,* 50 Md. 302, 316; *Johnson v. Hines,* 61 Md. 122, 136; *Littig v. Hance,* 81 Md. 412, 430; *Hyatt v. Vanneck,* 82 Md. 465, 475; *Fales v. Thompson,* 1 Mass. 134. The liability of the mortgagee as guarantor is, therefore, a collateral obligation to the primary one of the mortgagor to pay the principal and interest of the mortgage debt. The obligation of the guarantor to pay could arise only upon the possible happening of a future contingency, and the amount payable could not be determined until after a default had occurred, if ever, on the part of the mortgagor. Such a contingent liability is not a debt, although it may become a debt when the contingency has happened.

Accordingly, it is evident that when the participation certificate was issued by the assignor there was no debt in existence, nor was there one then created between the assignor and the assignee. Hence, where the relation of debtor and creditor did not exist between the assignor and the assignee, the participation certificate could not have been issued as a "certificate of indebtedness or evidence of debt." The terms certificate of indebtedness or evidence of debt, as used in the revenue statute under discussion, are limited in their application, *ex vi termini,* to a subsisting or pre-existing debt or indebtedness at the time of the issuance of the certificate, for a definite ascertained sum of money, *debitum in praesenti, solvendum in futuro.* By no tenuous extension of meaning can this participation certificate be called a certificate of *indebtedness* or evidence of *debt.* The fiscal administrative officials of the State have never heretofore attempted to ascribe such a meaning to the language of the statute. It would seem that the uniform policy and practice of officials charged with the enforcement of the revenue laws should be

given its usual significance. *Baltimore v. Johnson,* 96 Md. 737, 742, 743; *Baltimore v. Machen,* 132 Md. 618, 621; *Hess v. Westminster,* 134 Md. 125, 131, 132; *Musgrove v. Balto. & O. R. R. Co.,* 111 Md. 639; *Endlich, Interpretation of Statutes, secs.* 357, 360; *Sutherland, Statutory Construction,* sec. 361; *Baltimore v. State,* 15 Md. 458; *Kiersted v. State,* 1 G. & J. 248.

If the view of the majority of this Court is sound, upon the passage of the Acts of 1910, throughout the State, and now, by reason of the gradual repeal of the mortgage tax in Baltimore City and the other counties, in Frederick County only, if A owed B a debt of $3,000 on a promissory note of that amount, and gave to B a mortgage deed to secure the payment thereof, and thereafter B assigned to C, by a separate unrecorded paper writing, $2,000 of the debt, with a guaranty of the payment of the amount of the assigned debt and interest, we should have A paying taxes on the mortgaged property, B on the mortgage debt, and C on the writing evidencing his equitable title to his portion of the mortgage debt. In other words, B would be taxed on the mortgage debt at the rate of eight per centum upon the interest payable and covenanted to be paid, and C would be taxed on $2,000 of the same mortgage debt at the rate at which securities are taxed. I find no warrant for this construction. *Baltimore v. Machen,* 132 Md. 618, 621.

In *Lederer v. Fidelity Trust Co.,* 267 U. S. 17, 45 Sup. Ct. Rep., No. 8, p. 206, 69 L. ed. 234, the Supreme Court had under consideration a section of the internal revenue law which imposed a stamp tax as follows: "1. Bonds of Indebtedness: On all bonds, debentures, or certificates of indebtedness issued by a person, and all instruments however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 5 cents." In the language of Mr. Justice Holmes: "The question more narrowly stated is whether the certificates are instruments issued, etc., known generally as corporate securities." The

Supreme Court did not rest its conclusion that the stamp tax applied on the ground that the certificates represented an "indebtedness," but solely on the theory that the certificates in question were "corporate securities," saying: "But be the undertaking greater or less, the security better or worse, we cannot regard these certificates as anything but corporate securities by general understanding and in fact." The statute in the instant case is so dissimilar as to make the case of *Lederer v. Fidelity Trust Company, supra,* inapplicable to the question before this Court. In that case, the equipment trust certificates possessed qualities which brought them within the express terms of the federal statute, while in the present appeal the participation certificate clearly lies outside of the meaning of the State act, which does not contain the provision upon which the decision by the Supreme Court is founded.

For these reasons, I find myself unable to concur in the conclusions of the Court in this case and in that of *State Tax Commission v. George M. Englar,* No. 48 Appeals of January Term, 1925, where a similar question is involved.