## UNITED STATES MORTGAGE CO. et al. *v.* MATTHEWS et al.

No. 441. Argued November 12, 1934.—Decided December 3, 1934.

*Messrs. James Thomas* and *William L. Marbury, Jr.*, with whom *Mr. Clarence A. Tucker* was on the brief, for petitioners.

*Messrs. Charles F. Stein, Jr.*, and *Frederick H. Hennig-hausen*, with whom *Mr. J. Calvin Carney* was on the brief, for respondents.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

July 30, 1925, one Warner gave petitioner, Mortgage Guarantee Company, a mortgage upon certain real estate in Baltimore, Maryland, to secure $3,000 loaned to him by that company. The mortgage instrument contained ordinary covenants concerning interest, insurance, taxes, &c. Also the following provision:

"And the said mortgagor doth hereby declare his assent to the passing of a decree by the Circuit Court of Baltimore City or the Circuit Court No. 2 of Baltimore City for a sale of the property hereby mortgaged in accordance with Sections 720 to 732 inclusive of Chapter 123 of the laws of Maryland passed at the January session 1898 or any amendments or additions thereto."

In July, 1932, the mortgagee assigned to respondents, Mary and John Matthews, an undivided 500/2950 interest in the unpaid portion of the debt—$2,950.

When the mortgage was executed § 720, Chapter 123, Maryland laws 1898, was in force. It provided:

" In all cases of conveyances of lands or hereditaments or of chattels real, or goods and chattels personal, situate in said City, wherein the mortgagor shall declare his assent to the passing of a decree for the sale of the same, it shall be lawful for the mortgagee or his assigns at any time after filing the same to be recorded, to submit to either of the Circuit Courts of Baltimore City the said conveyances or copies thereof, under seal of the Superior Court; and the Circuit Court to which the same is so submitted, may thereupon forthwith decree that the mortgaged premises shall be sold at any one of the periods limited in said conveyances for the forfeiture of said mortgages or limited for a default of the mortgagors, and on such terms of sale as to the said court may seem proper, and shall appoint by said decree a trustee or trustees for making such sale, and shall require bond and security for the performance of the trust as is usual in cases of sales of mortgaged premises." Art. 4, Code Public Local Laws of Maryland (1930 edition), Entitled " Baltimore City," sub-title " Mortgages," § 720.

The Maryland Court of Appeals in *Richardson* v. *Owings*, (1898) 86 Md. 663; 39 Atl. 100, construed the provisions of § 720 and ruled that one who owned part of a mortgage upon property in Baltimore, by proceeding under provisions of that section might obtain the decree there provided for.

There was no amendment or addition to § 720, until the passage of Ch. 56, Acts of 1933 [Special Session], approved December 15, 1933. That chapter provides:

" Section 1. *Be it enacted by the General Assembly of Maryland,* That a new section be and the same is hereby added to Article 4 of the Code of Public Local Laws of Maryland (1930 Edition), title ' Baltimore City,' subtitle ' Mortgages,' said new section to be known as 720A

and to follow immediately after Section 720 and to read as follows:

"720A. In all cases submitted to either of the Circuit Courts of Baltimore City for the passage of a decree as provided for in Section 720 aforesaid, no such decree shall hereafter be passed during the period of emergency hereinafter declared, unless such application is made or concurred in by the record holders of not less than 25% of the entire unpaid mortgage debt, it being hereby declared to be the intent of this Section during the period this Section is effective, that the holder or holders of a fractional interest in an entire mortgage debt of less than 25% of the entire interest, shall not have recourse to the summary and ex parte remedies given under Section 720."

December 22, 1933, respondents—the Matthews—presented a petition to Circuit Court No. 2, Baltimore City, wherein they alleged execution of the mortgage by Warner, his assent to the passing of a decree for sale, the assignment of part of the mortgage debt to them, also default. They asked a decree directing sale as permitted by § 720.

Thereupon the United States Mortgage Company, owner of the equity of redemption, and the Mortgage Guarantee Company, holder or duly authorized representative of approximately 83% of the unpaid mortgage debt, intervened. Answering, they relied upon Ch. 56, Acts of 1933, and opposed the prayed for decree. The Matthews then filed an amended petition challenging the validity of Chapter 56, because of conflict with § 10, Art. 1, Federal Constitution, and the 14th Amendment; also because it violated the State Constitution.

The trial judge held the chapter unconstitutional "both as impairing the obligation of contract, and as class legislation of an arbitrary and illegal character." Final decree ordered the sale of the mortgaged property and designated a trustee to make it.

Upon appeal the Court of Appeals held:

That the clause in the mortgage by which the mortgagor gave assent to decree for sale of the property as provided by §§ 720–732 " or any amendments or additions thereto " when properly construed did not amount to an agreement that the proceeding should be " governed by any future amendments or additions to those sections which should become effective before the application for the consent decree," but that " the intention of the parties in employing that language embraced only such amendments or additions as had been made prior to the execution of the mortgage."

Also that Chapter 56 impairs the obligation of the contract between the parties and therefore conflicts with Art. 1, § 10 of the Federal Constitution, but is not subject to objection " on the ground that it is special legislation and denies the appellees the equal protection of the laws, contrary to the 14th Amendment of the Constitution of the United States and to similar provisions of the Constitution and Bill of Rights of Maryland."

We agree that Chapter 56 does not offend the 14th Amendment by denying equal protection of the laws, and accept the reasons given to support that view—" The classification thus made would seem clearly to have direct relation to the purpose which the Legislature had in mind, and which we cannot say was arbitrary or fanciful."

It is well established doctrine that where the contract clause is invoked this Court must determine for itself the nature and effect of the alleged agreement and whether this has been impaired. *Funkhouser* v. *Preston Co.*, 290 U. S. 163. Accordingly we must here decide what agreement resulted from the language employed by the parties to the mortgage.

We cannot sanction the conclusion of the Court of Appeals on this point. The assent set forth in the mortgage was " to the passing of a decree . . . for a sale of

the property hereby mortgaged in accordance with Sections 720 to 732 inclusive of Chapter 123 of the laws of Maryland passed at the January session 1898 or any amendments or additions thereto." Prior to the mortgage there had been no such amendment or addition, and it cannot, we think, be correctly said that " the intention of the parties in employing that language embraced only such amendments or additions as had been made prior to the execution of the mortgage." On the contrary, the words employed seem to us sufficient to embrace the amendments and additions thereafter made by Chapter 56. A contrary holding would deprive the words employed of their customary meaning. And we find nothing which requires us to accept any other meaning.

It follows that the challenged Act cannot properly be said to impair the obligation of the agreement between the parties within the meaning of the Federal Constitution.

The judgment under review must be reversed and the cause remanded to the Court of Appeals for further action not in conflict with this opinion.

*Reversed.*