MORTGAGE GUARANTEE COMPANY, a corporation of the State of Delaware, complainant,

*v.*

ATLANTIC CITY JEWISH COMMUNITY CENTER et al., defendants.

[Decided October 4th, 1935.]

*Messrs. Bolte & Tripician,* for the complainant.

*Mr. Morris Bloom,* for the defendants.

SOOY, V. C.

This is a motion to strike an answer and counter-claim to a bill to foreclose.

The allegations of the bill disclose averments that complainant is the owner and holder of a bond and mortgage admittedly executed by defendant to complainant.

As a defense to the foreclosure the defendant, in its answer, avers that complainant, after the execution and delivery of the bond and mortgage to it "proceeded to sell and assign to various persons respective undivided shares or interest therein in denominations of $1,000 each, represented by unrecorded certificates or assignments of the respective shares so sold."

On the argument of the motion to strike, complainant's affidavits disclose that the fact is that the complainant sold to investors participating certificates in the bond and mortgage in question, having a total value of the entire principal sum of the bond and mortgage, to wit, $100,000; these certificates being now held by sixty-four separate investors.

A reading of the form of the participating certificates so sold by complainant to these investors discloses that complainant retained an interest in the bond and mortgage to the extent of one-half of one per cent. of interest installments to be paid by the mortgagor and that complainant has reserved to itself the right to collect and receipt for principal and interest and in the event of default, the right to foreclose.

Irrespective of whether the participating certificate holders are assignees of the mortgage, according to the ordinary conception of such a status, as discussed in *Mayor and City Council of Baltimore City* v. *Harper, 129 Atl. Rep. 641,* it must be conceded that "each assignee took an equitable ownership in a *pro rata* fractional share of the bond and mortgage" (*Kelly* v. *Middlesex Title Guaranty and Trust Co., 115 N. J. Eq. 592; 171 Atl. Rep. 823*), and that complainant is trustee for the sixty-four participating certificate holders.

The general rule, as stated in *Tyson* v. *Applegate, 40 N. J. Eq. 305* (at *p. 311*), has been reaffirmed so many times that other reference is unnecessary. The rule laid down in that case is:

"In proceedings upon mortgage, the general rule is that there can be no redemption or foreclosure of a mortgage unless all the persons entitled to the whole mortgage-money are before the court. So, if a mortgage has been made to a trustee in trust, all the *cestuis que trustent* should be made parties, as well as the trustee, to a bill to foreclose. *Story Eq. Pl. § 201; 1 Dan. Ch. Pr. 213, 253.* This rule has been constantly applied in our court of chancery. *Chapman* v. *Hunt, 1 McCart. 149; Large* v. *Van Doren, Ibid. 208; Jewell* v. *West Orange, 9 Stew. Eq. 403.*"

Of course, the creation of relation of trustee and *cestui que trust* by the sale of participation certificates does not appear on the face of complainant's bill but the existence of

that status is disclosed by complainant's affidavits in support of the motion to strike and complainant stands before the court, in the same position as if the averment (on this motion to strike) were contained in the bill.

Neither the bill or the affidavits discloses circumstances coming within the exception to the general rule under which complainant would be permitted to maintain its bill without making the *cestuis que trustent* parties, such as are pointed out in *Tyson* v. *Applegate, supra.* The result is that complainant must amend its bill of complaint and include the certificate holders, as *cestuis que trustent,* either as complainants or defendants, or so amend as to bring itself within the exceptions to the rule, and the further result is that the motion to strike the defense must be refused.

As to the counter-claim, defendant avers that complainant advanced only the sum of $95,000 and "took as evidence thereof" the $100,000 bond and mortgage in suit and that defendant has paid interest upon the $100,000 at the rate of six per cent. per annum until April 24th, 1933, and at the rate of four and one-half per cent. per annum from that date on and "claims a credit or set-off for the excess interest."

Complainant moves to strike on the theory that the affidavit in support of the motion shows that the $5,000 admittedly deducted by complainant, was the result of an usurious agreement between complainant and defendant and that defendant, being a corporation, may not plead the statute, and that under *Dunlap* v. *Chenoweth, 88 N. J. Eq. 496,* if defendant seeks to recoup under the theory of a mere bonus as distinguished from usury, it must plead that the deduction was without any agreement pertaining to same.

The affidavits of complainant clearly and distinctly admit an usurious agreement, under which the $5,000 was, in fact, retained, but it is averred by complainant that said agreement was made between complainant and one Adams, as agent for the defendant, while defendant's affidavits raise the factual question as to the authority of Adams to enter into any agreement on behalf of the defendant. This factual question may not be determined on a motion to strike, even though it might appear that defendant may be estopped from denying

the authority of Adams, it, the defendant, having accepted the benefit of an agreement under which it did, in fact, receive the mortgage money. If Adams did not have authority to act for defendant, it would appear that defendant would be entitled to a credit for the $5,000 bonus, under the authority of *Dunlap* v. *Chenoweth, supra,* and if Adams was clothed with authority, the agreement made was probably corrupt and in violation of the statute. This question must be determined on final hearing and not on this motion to strike.

The motion to strike is denied, costs to abide the event of final hearing, and complainant will be allowed to file an amended bill, as herein indicated.