Leon Alan **FISHER** et al.,
Plaintiffs,

v.

**FEDERAL NATIONAL MORTGAGE AS-SOCIATION** and **Robert E. Farnell,**
**Substitute Trustee, Defendants.**

**Civ. No. 73-217-H.**

United States District Court,
D. Maryland.

June 22, 1973.

Janne Gallagher and Harry Fox, Legal Aid Bureau, Inc., Baltimore, Md., for plaintiffs.

William A. Fisher, Jr., and Semmes, Bowen & Semmes, Baltimore, Md., for defendants.

HARVEY, District Judge:

In this civil suit, plaintiffs seek to enjoin defendants from proceeding with a foreclosure action presently pending in the Circuit Court for Dorchester County, Maryland.[1] Jurisdiction is alleged under 28 U.S.C. § 1343(3) and (4) and 42 U.S.C. § 1983. Besides an injunction, plaintiffs ask this Court pursuant to 28 U.S.C. §§ 2201 and 2202 to declare unconstitutional §§ 7–105(a) of Article 21, Annotated Code of Maryland (1973 Rep. Vol.), and Rule W74 of the Maryland Rules of Procedure.[2]

Plaintiffs are owners or occupants of private homes located in Dorchester County. Defendant Federal National Mortgage Association (hereinafter FNMA) holds promissory notes executed by the home-owner plaintiffs and secured by deeds of trust containing a power of sale. See Rule W72 c 1. Defendant Farnell is substitute trustee under the deeds of trust in question and is presently seeking in the Circuit Court for Dorchester County to foreclose and sell the properties because the plaintiff home-owners have defaulted in their obligations under the promissory notes.[3]

Relying upon Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), plaintiffs claim that Maryland foreclosure procedures violate the due process clause of the Fourteenth Amendment because they do not afford adequate notice to homeowners or an opportunity for a hearing before a foreclosure

1. Plaintiffs sue individually and as representatives of a class of all other owners of private residential property in the State of Maryland whose homes are encumbered by a mortgage or deed of trust held by defendant Federal National Mortgage Association.

2. All references to Rules herein are to the Maryland Rules of Procedure, Annotated Code of Maryland, Vol. 9B (1971 Repl.Vol.).

3. Plaintiffs are represented by Legal Aid attorneys and do not allege in the complaint that they are not in default under the deeds of trust.

sale occurs. This Court is asked to enjoin the state court proceedings and to declare that plaintiffs' constitutional rights have been infringed by the Maryland procedures in question.

A foreclosure sale of the two properties involved herein had been scheduled for 12:00 noon on March 9, 1973. That same day, this action was instituted, and following a brief hearing, Judge Miller of this Court entered a Temporary Restraining Order enjoining defendants from selling the properties or conveying title thereto pending further order of this Court. At the hearing held the day this suit was filed, the defendants appeared through counsel, and various defenses to the action were asserted. After hearing from both sides, Judge Miller decided that the legal questions presented had not been adequately researched, and he restrained the imminent foreclosure sale until the various issues might be more adequately briefed and argued.

On March 14, 1973, plaintiffs filed a Motion for Preliminary Injunction. That same date, counsel met with the undersigned judge in chambers, and defendants voluntarily agreed to withhold further foreclosure action until this Court had ruled on plaintiffs' and defendants' motions.

Defendants have now filed a Motion to Dissolve the Temporary Restraining Order and to Dismiss.[4] Briefs in support of and in opposition to these motions have been submitted by the parties.

The most substantial question raised by defendants' motion is whether Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and Lynch v. Snepp, 472 F.2d 769 (4th Cir. 1973) prohibit this Court from enjoining further

proceedings in the pending state action until this Court has ruled on the constitutional questions presented by this case. Defendants argue that *Younger* and *Lynch* are an absolute bar to the granting by this Court of the relief herein requested. It is contended that since the Circuit Court for Dorchester County had prior jurisdiction of the pending dispute between the parties, plaintiffs have an adequate opportunity in the state courts to vindicate their constitutional claims.

In opposing defendants' motion, plaintiffs maintain that it would be inappropriate for this Court to decline to consider the constitutional issues raised. Plaintiffs contend that the Maryland Rules of Procedure do not provide for adequate notice to them nor afford them a pre-sale opportunity for a hearing, and that therefore there is no actual state court proceeding in which they can vindicate their constitutional claims. As a result, plaintiffs argue, those factors which underlie the *Younger* and *Lynch* principles do not come into play and this Court should deny the motion to dismiss the complaint.

In Younger v. Harris, *supra*, and its companion cases decided the same day,[5] the Supreme Court undertook a careful reexamination of the legal principles that apply when a federal court is asked to halt criminal proceedings in a state court. In *Younger*, the Court held that only in rare and exceptional cases may a federal court intervene in state criminal proceedings. See Modern Social Education, Inc. v. Preller, 353 F.Supp. 173, 178 (D.Md.1973).

Lynch v. Snepp, *supra,* and decisions in other Circuits have applied the *Younger* principles to pending state civil

---

4. Defendants have called this latter motion a "Motion to Dismiss Motion for Preliminary Injunction." In their briefs, both sides have treated such motion as a motion to dismiss the complaint, and it will be so considered by the Court.

5. Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); Boyle v.

Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971); Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971).

actions as well. See *Palaio v. Mc-Auliffe*, 466 F.2d 1230, 1232–1233 (5th Cir. 1972) ; *Cousins v. Wigoda*, 463 F.2d 603 (7th Cir. 1972), application for stay denied, 409 U.S. 1201, 92 S.Ct. 2610, 34 L.Ed.2d 15 (1972) (Rehnquist, Circuit Justice).

In *Lynch*, the Fourth Circuit ruled that the application of general notions of comity, equity and federalism should not turn on such labels as "civil" or "criminal", but rather upon an analysis of the competing interests in each case. In that case, a state court, after a hearing, granted a preliminary injunction restraining all but certain individuals from entering public school property in Mecklenburg County, North Carolina. Thereafter, a federal district court granted a preliminary injunction against the enforcement of the state court order. The Fourth Circuit reversed, holding that the District Court had exceeded its equitable jurisdiction in granting injunctive relief where there had been no showing that any overbreadth in the state injunction could not be cured in the state trial or appellate courts, where there was no allegation or showing of bad faith or harassment, and where the federal plaintiffs would not be exposed to a possible loss of liberty in seeking to vindicate their rights in the state court.

■ The *Younger-Lynch* rationale is based on the notion of comity which is posited on a proper respect for state functions and a recognition that the national government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. *Younger, supra,* 401 U.S. at 44, 91 S.Ct. 746; *Modern Social Education, Inc. v. Preller, supra,* 353 F.Supp. at 178. Ordinarily, the jurisdiction of a state court first obtained should not be interfered with by federal courts. *Lynch, supra,* 472 F.2d at 772. The admitted power of a federal court under the Civil Rights Acts to enjoin state proceedings is not to be used to upset federalism and centralize power (at

773). The "pendency" of state proceedings is one of the most important criteria in determining whether federal court intervention in state action is appropriate (at 774). Before a federal court may intervene in a pending state civil proceeding, the federal plaintiff must prove not only that there exists a great and immediate threat to his rights but also that such threat cannot be eliminated by his defense of the single civil action (at 774–775). Summing up, the Court in *Lynch* said this (at 775) :

"A district court cannot enjoin a state civil proceeding unless it finds that the state proceeding cannot eliminate the threat to the plaintiff's rights."

Plaintiffs do not here allege any bad faith harassment on the part of defendants. Nor is this a case in which plaintiffs would be exposed to a possible loss of liberty were they to seek vindication of their rights in a state court. The question presented then is whether at the time plaintiffs filed this action there was a pending state court proceeding which would provide them with an opportunity to seek vindication of their constitutional claims. After reviewing the record in this case and the applicable law, this Court concludes that there was such a state court proceeding pending and that accordingly this complaint must be dismissed.

Plaintiffs do not dispute the fact that when they filed this suit, there was an action pending in the Circuit Court for Dorchester County seeking to foreclose the deeds of trust on their property. They claim, however, that they have not been nor will be made parties to that proceeding and that therefore they cannot vindicate their constitutional rights in the state court.

■ Under Maryland law, an action to foreclose a mortgage containing a power of sale is commenced by the filing, in an equity court of the county where the mortgaged property is located, of an order to docket together with the mortgage as an exhibit.[6] Rule W72c.

---

6. The Rules apply to the foreclosure of all mortgages and instruments in the nature of a mortgage. Rule W71a.

Jurisdiction is conferred on the state court at the time of the docketing of the action. Rule W72e. Other provisions of the Rules indicate that the state equity court plays a very real and substantial role in mortgage foreclosure proceedings. Before the sale is made, an approved bond must be filed in the court in which the action was filed. Rule W74a. A mortgagor may seek an injunction to stay the sale. Rule W76b. More significantly, even after the sale has been made, it must be ratified by the court.[7] Rules W74e and BR6b(2). Since Maryland law provides that a mortgage foreclosure sale is subject to the approval of the court, such a sale does not pass title to the property until ratified by the court. Plaza Corp. v. Alban Tractor Co., Inc., 219 Md. 570, 578, 151 A.2d 170 (1958).

Under Maryland foreclosure procedures, plaintiffs are afforded two separate opportunities in which they may challenge in a state court the legality of the foreclosure. First, under Rule W76b, plaintiffs may move prior to sale to enjoin the foreclosure. Secondly, after the sale but before ratification, plaintiffs have the opportunity to file objections to the sale. Rules W74e and BR6b(2). The equity court has full power to hear and determine all objections which may be filed against the sale. Wilson Bros. v. Cooey, 251 Md. 350, 360, 247 A.2d 395 (1968). When an equity court has once assumed jurisdiction, it will retain its jurisdiction in order to settle all questions which might arise out of the subject in controversy. Stater v. Dulany, 236 Md. 399, 404, 204 A.2d 71 (1964); Ledford Const. Co. v. Smith, 231 Md. 596, 600, 191 A.2d 587 (1963).

Nor have the Maryland courts hesitated to consider constitutional questions raised in a mortgage foreclosure action. See United States Mortgage Co. v. Matthews, 167 Md. 383, 173 A. 903 (1934), rev'd 293 U.S. 232, 55 S.Ct. 168, 79 L.Ed. 279 (1934). In that case, the Maryland Court of Appeals held that a statute relating to mortgage foreclosures violated Article 1, § 10 of the United States Constituion. Finding that the challenged statute did not impair the obligation of the agreement between the parties within the meaning of the Federal Constitution, the Supreme Court reversed (293 U.S. at 237, 55 S.Ct. 168).

■ Plaintiffs complain that they did not receive adequate notice of the pendency of the state foreclosure proceedings. But there can be no doubt that plaintiffs in fact received notice of the foreclosure sale involved here and were even able to effect a stay of the sale. Whether such notice was adequate and satisfied due process requirements is a question that can be presented to the state equity court. As parties to the instruments creating the liens, plaintiffs have the right under Maryland law to challenge in the state court the Maryland statute and Rules which they seek to attack here.

Plaintiffs' reliance on Lynch v. Household Finance Corp., 405 U.S. 538, 92 S. Ct. 1113, 31 L.Ed.2d 424 (1972), is misplaced. That case involved pre-judgment garnishment procedures in Connecticut. Under such procedures, the actual levy of garnishment conferred no jurisdiction on a state court, and an alleged creditor could attach property without the participation of either a judge or a clerk of the state court. The Supreme Court held, *inter alia*, that 28 U.S.C. § 2283, the Federal anti-injunction statute, did not prevent a federal court from enjoining such a procedure where the state act that the federal court was asked to enjoin was not a proceeding in a state court within the meaning of the statute. 405 U.S. at 556, 92 S.Ct. 1113. Unlike Connecticut garnishment procedures, the foreclosure of real property in Maryland involves

---

7. In a recent case, this Court had occasion to rule on exceptions to an auditor's report filed after a foreclosure sale. Edmondson v. Chesapeake Clamchip Corporation, 350 F.Supp. 1236 (D.Md.1972). That action was instituted in the Circuit Court for Dorchester County by trustees of a deed of trust and was removed to this Court by the government which had filed such exceptions.

the jurisdiction of and direct participation by a state court. Indeed, one of the main objects of Rule W72 and earlier statutory provisions was to bring foreclosure sales and resulting equity proceedings under the direct cognizance and guidance of the Court.[8] See Ex Parte Aurora Federal Savings & Loan Ass'n., 223 Md. 135, 139, 162 A.2d 739 (1960).

Nor is Gibson v. Berryhill, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), apposite here. In that case, the Supreme Court held that a federal court could properly enjoin administrative proceedings where it had been shown that the administrative body was not competent because of bias to adjudicate the issues pending before it. It should also be noted that in *Gibson* there was no civil proceeding pending in a state court at the time the injunction was issued.

For the reasons stated, defendants' motion to dismiss the complaint is hereby granted with costs.

---

8. Rules W72 to W74 are essentially based on Sections 6 and 7 of Article 66 of the Annotated Code of Maryland (1957 Ed.), which were repealed by the Maryland Legislature in 1962 after the Rules were adopted.