**Robin BURDICK, Plaintiff,**

v.

**Robert J. MIECH, Individually and as Milwaukee County Judge, Civil Division, and Robert P. Russell, Milwaukee County Corporation Counsel, his Aides, Assigns, and Employees, Defendants.**

**No. 74–C–364.**

United States District Court,
E. D. Wisconsin.

Dec. 3, 1975.

Milwaukee Legal Aid Society by Robert LeBell, Milwaukee, Wis., for plaintiff.

Robert P. Russell, Corp. Counsel by David J. Siler, Milwaukee, Wis., Bronson C. La Follette, Wis. Atty. Gen. by Ward L. Johnson, Asst. Atty. Gen., Madison, Wis., for defendants.

Before DUFFY, Senior Circuit Judge, SWYGERT, Circuit Judge, and GORDON, District Judge.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action was commenced on August 30, 1974. By decision and order dated November 14, 1974, Judge Gordon, sitting as a single judge, denied the plaintiff's motion for a temporary restraining order. Subsequently, a three-judge panel was appointed pursuant to 28 U.S.C. § 2284.

After cross-motions for summary judgment had been fully briefed, we requested the submission of supplementary briefs in an order dated July 3, 1974. Such briefs were to be addressed to the question whether we should abstain from exercising federal equitable jurisdiction in this case in light of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Huffman v. Pursue Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). Those briefs have been supplied, and the defendants have moved to dismiss on the basis of *Younger* and *Huffman*.

We believe that the *Younger-Huffman* issue is dispositive and find no occasion to pass on the other motions which are ripe for resolution. In our judgment, the defendants' motion to dismiss should be granted.

The plaintiff has challenged the constitutionality of Wis.Stat. § 52.24 (1973) which states in part:

"*Inquiry by district attorney.* If any woman bears a child out of wedlock which is or is likely to become a public charge, . . . the district attorney, if he believes it to be to the best interest of the child, shall apply to any court or court commissioner of the county, who shall thereupon examine such woman on oath respecting the father of such child, the time when and the place where such child was begotten and such other circumstances as he deems necessary; and such court or court commissioner shall reduce such examination to writing and shall thereupon issue a warrant, without further or formal complaint, to apprehend the reputed father, and the same proceeding shall be had thereon and with like effect as provided in cases of complaint made by such woman."

Ms. Burdick seeks an injunction restraining the defendants, a Milwaukee County judge and the Milwaukee County corporation counsel, from proceeding pursuant to the statute. She has also requested declaratory relief.

It has been alleged in ¶¶ 6 and 7 of the complaint:

"That on April 6, 1974 plaintiff, Robin Burdick was served with an order for Appearance, on the motion of the defendant, David J. Siler, assistant Milwaukee County Corporation Counsel, returnable April 16, 1974 at 9:00 o'clock A.M. before the Honorable

Donald W. Steimetz [sic], Milwaukee County Court Judge.

"That said appearance was adjourned to September 16, 1974 at 2:00 o'clock P.M. at the request of plaintiff's counsel for the purpose of preparing this action."

Apparently, the plaintiff has not yet been compelled to appear for examination. Indeed, the defendants observed in an unchallenged statement on the first page of their brief in support of the dismissal motion: "The appearance has been adjourned numerous times and is currently adjourned indefinitely pending the outcome of this Federal Court action."

In this setting, we have little difficulty concluding that the plaintiff's target is an injunction against a pending state proceeding in terms of *Younger* and *Huffman*. We are persuaded that the abstention doctrine of *Younger* and *Huffman* should be applied to a proceeding pursuant to Wis.Stat. § 52.24.

The starting point in our analysis as to why the *Younger* abstention doctrine should be employed in this case is the following quotation from pages 603–04, 95 S.Ct. page 1208, 43 L.Ed.2d page 492 of the *Huffman* decision:

"The seriousness of federal judicial interference with state civil functions has long been recognized by this Court. We have consistently required that when federal courts are confronted with requests for such relief, they should abide by standards of restraint that go well beyond those of private equity jurisprudence. For example, *Massachusetts State Grange v. Benton*, 272 U.S. 525 [47 S.Ct. 189, 71 L.Ed. 387] (1926), involved an effort to enjoin the operation of a state daylight savings act. Writing for the Court, Mr. Justice Holmes cited *Fenner v. Boykin, supra* [271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927], and emphasized a rule that 'should be very strictly observed,' 272 U.S., at 529 [47 S.Ct., at 190], 'that no injunction ought to issue against officers of a State clothed with authority to enforce the law in question, unless in a case reasonably free from doubt and when necessary to prevent great and irreparable injury.' *Id.*, at 527 [47 S.Ct., at 190].

"Although Mr. Justice Holmes was confronted with a bill seeking an injunction against state executive officers, rather than against state judicial proceedings, we think that the relevant considerations of federalism are of no less weight in the latter setting. If anything, they counsel more heavily toward federal restraint, since interference with a state judicial proceeding prevents the state not only from effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies. Such interference also results in duplicative legal proceedings, and can readily be interpreted 'as reflecting negatively upon the state court's ability to enforce constitutional principles.' Cf. *Steffel v. Thompson, supra*, [415 U.S. 452] at 462, [94 S.Ct. 1209, at 1217, 39 L.Ed.2d 505].

"The component of *Younger* which rests upon the threat to our federal system is thus applicable to a civil proceeding such as this quite as much as it is to a criminal proceeding."

The above quotation provides the basic rationale for application of the *Younger* doctrine to most civil cases. We believe that the concerns expressed in that quotation are fully implicated here in view of the objectives of this action. What is more, however, is the fact that the Wis. Stat. § 52.24 proceeding is comparable to the kind of civil proceeding to which the *Huffman* Court felt obliged to require application of the abstention doctrine set forth in *Younger*.

In our judgment, the controlling concept in determining the kind of civil proceeding to which *Younger* should be applied is whether the state proceeding is one where "the State's interest . . . is likely to be every bit as great as it would be were [it] a criminal proceed-

ing." *Huffman v. Pursue Ltd., supra* at 604, 95 S.Ct. at 1208, 43 L.Ed.2d at 492. Although the subject matter of a Wis. Stat. § 52.24 proceeding does not appear to be "closely related" to criminal statutes, we note that the objective of the proceeding is of sufficient importance that the state is a party to such proceeding. Moreover, we are impressed that "[t]he manifest purpose of § 52.24 is to secure benefits for the child which derive from establishing [his] paternity." *Burdick v. Miech*, 385 F.Supp. 927, 930 (E.D. Wis.1974). See also *Doe v. Norton*, 365 F.Supp. 65, 80 (D.Conn.1973), vacated and remanded on other grounds, 422 U.S. 391, 95 S.Ct. 2221, 45 L.Ed.2d 268 (1975).

Accordingly, we conclude that the state interest furthered by a § 52.24 proceeding is as important for purposes of *Younger* as that protected by the criminal statutes. It is assuredly as important as the interest found subject to the abstention doctrine in *Cousins v. Wigoda*, 463 F.2d 603 (7th Cir. 1972). Thus, we find that the doctrine of abstention applied in *Younger* and *Huffman* should be employed in this case.

The plaintiff unpersuasively argues that, assuming *Younger* to be applicable, she has demonstrated the level of irreparable harm necessary to avoid abstention. She urges that if compelled to attend the § 52.24 proceeding, she will sacrifice important constitutional rights. We view such an assertion as nothing more than a claim that the state court may err in adjudicating the federal issues the plaintiff has raised in this forum. Such an assertion has been ruled to be insufficient to meet the strict ir-

reparable harm standard justifying federal intervention in cases such as this. *Cousins v. Wigoda*, 463 F.2d 603, 607 (7th Cir. 1972); see *Dombrowski v. Pfister*, 380 U.S. 479, 484–85, 85 S.Ct. 1116, 1119–1120, 14 L.Ed.2d 22, 27–28 (1965).

Finally, the plaintiff's circumstances do not fit under either of the two unusual conditions articulated in *Younger* which warrant nonapplication of the abstention doctrine. First, the plaintiff makes no claim that the Wis.Stat. § 52.-24 proceedings were instituted in bad faith or for the purpose of harassment. Secondly, we are unconvinced by the plaintiff's assertion that § 52.24 is

" 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.' " [*Watson v. Buck*] 313 U.S. [387] at 402, 61 S.Ct. [962] at 967 [85 L.Ed. 1416]" *Younger v. Harris*, 401 U.S. at 53–54, 91 S.Ct. at 755, 27 L.Ed.2d at 681.

In view of the foregoing analysis, we believe it is appropriate to abstain from exercising federal equitable jurisdiction in this case. This action must be dismissed because the plaintiff "is not entitled to equitable relief 'even if [§ 52.24 is] unconstitutional.' " *Younger v. Harris, supra*, at 49, 91 S.Ct. at 753, 27 L.Ed.2d at 679, quoting *Watson v. Buck*, 313 U.S. 387, 400, 61 S.Ct. 962, 966, 85 L.Ed. 1416, 1423 (1941).

Therefore, IT IS ORDERED that the defendants' motion to dismiss be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is dismissed.