**ARISTOCRAT HEALTH CLUB OF HARTFORD, INC., et al.**

v.

**Norton CHAUCER, M.D., Director of Health of the City of Hartford, et al.**

Civ. No. H–77–553.

United States District Court, D. Connecticut.

May 8, 1978.

Joseph E. Fazzano, Albert J. McGrail, Hartford, Conn., for plaintiffs.

Mary R. Hennessey, Corp. Counsel, Richard Shettle, Anthony M. Tapogna, Michael J. Belzer, Asst. Corp. Counsels, Hartford, Conn., for defendants.

## RULING ON PENDING MOTIONS

BLUMENFELD, District Judge.

This action is brought under 28 U.S.C. §§ 1343 and 2201, and 42 U.S.C. §§ 1983 and 1985, to prevent enforcement of regulations governing massagists and massage establishments adopted by the Public Health Council of the City of Hartford, Connecticut, pursuant to an ordinance enacted by the city's Court of Common Council. The plaintiffs are three individuals and three corporations engaged in the business of operating massage establishments in Hartford, and Sharon Conklin, a massagist employed in one of those establishments. The defendants are the city, its Director of Health and its Director of Licenses and Inspection.

The ordinance adopted by the Court of Common Council defined the terms "massage" and "massage establishment," authorized the Director of Health to adopt regulations governing massage establishments after consultation with the Public Health Council, provided for the issuance of licenses for massagists and massage establishments, and provided that a violation of the regulations to be adopted would be a misdemeanor offense. The regulations, which establish comprehensive controls over massage establishments, were adopted on August 9, 1977, and required that existing establishments comply with their provisions within 60 days of their adoption. The complaint alleges that plaintiffs have complied with the ordinance and regulations since October 9, 1977, but will suffer irreparable injury if continued compliance is required. The plaintiffs seek temporary and permanent injunctions against enforcement of the regulations, a declaratory judgment of their invalidity under the United States and Connecticut Constitutions and state statutes,[1] and damages.

Shortly after the adoption of these regulations, an action was brought in the Court of Common Pleas for the County of Hartford seeking to restrain their enforcement. The plaintiffs in this action, with the exception of Sharon Conklin, are plaintiffs in the state court. There they have raised identical objections to the regulations and have sought identical relief, except that no damages are claimed in the state court action. The state court granted plaintiffs' motion for a preliminary injunction against enforcement of a section of the regulations that prohibits doing business on Sundays, and denied their motion insofar as it applied to all other sections of the regulations. *Aristocrat Health Club of Hartford, Inc. v. Chaucer,* No. 142488 (Hartford County C.P., filed Oct. 7, 1977). While the merits of that action were still pending before the Court of Common Pleas, the plaintiffs filed the present action in the federal court. They have taken no appeal from the state court's

---

1. Plaintiffs assert that various sections of the regulations deny due process of law in that they fail to set reasonable and readily discernible standards or to provide adequate guidance for their enforcement. They claim a further denial of due process in the sections governing licenses, which fail to require notice of the reasons for denial or revocation of licenses and make no provision either for hearings on license applications or for appeal from decisions denying or revoking licenses. Provisions exempting certain nonprofit organizations from regulation and requiring that massagists pass examinations conducted in the English language are said to deny equal protection of the law. Requirements that massage establishments make their records available to city officials and submit to inspections are attacked under the fourth and fifth amendments. Sections requiring the public display of massagists' licenses and the recording of customers' names in daily registers are said to violate the constitutional right of privacy. Limitations on advertisements placed by massage establishments are said to violate freedom of speech.

Asserting pendent jurisdiction of claims under state law, the plaintiffs argue that the regulations usurp police powers reserved to the state, that they were enacted without procedures mandated by Conn.Gen.Stat. § 19–82, and that they are specifically preempted by Gen.Stat. § 19–49b.

ruling on their motion for a preliminary injunction, and the time allowed for such an appeal has now expired. Conn.Practice Book § 553.

Plaintiffs' motion for a preliminary injunction asks that the defendants be enjoined from enforcing the ordinance and regulations and from "[f]urther prosecuting [*sic*] Civil Action No. 142488" in the state court. Defendants have moved for summary judgment on the ground that the complaint fails to state a claim for which relief can be granted. As an affirmative defense, they have pleaded that "entertainment of this matter falls within the doctrines of abstention and res judicata, and would result in a multitude [*sic*] of litigation." At the hearing on plaintiffs' motion for a preliminary injunction, it was noted that the briefs of the parties dealt with the "*Pullman* abstention" doctrine, *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), but did not discuss the doctrine of equitable restraint enunciated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and subsequent cases. The parties were invited to submit, and did submit, further briefs on the question of *Younger*'s application.

### I.

■ Before discussing the problem of equitable restraint, it will be helpful to establish two preliminary points. The first is that the complaint does not state a claim for which damages can be awarded. The defendant city is not subject to suit under 42 U.S.C. § 1983. *City of Kenosha v. Bruno,* 412 U.S. 507, 512–13, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Monroe v. Pape,* 365 U.S. 167, 187–92, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Defendants Chaucer and McSheffery, who are respectively Director of Health and Director of Licenses and Inspection, are sued in their official capacities only. As such, they are subject to jurisdiction in an action for injunctive and declaratory relief under § 1983, *Arthur v. Nyquist,* 573 F.2d 134, 138–39 (2d Cir. 1978); but only if sued in their individual capacities can they be held to respond in damages,

*Monell v. Department of Social Services,* 532 F.2d 259, 264–67 (2d Cir. 1976), *cert. granted,* 429 U.S. 1071, 97 S.Ct. 807, 50 L.Ed.2d 789 (1977); *Wynne v. Codd,* 435 F.Supp. 431, 433 (S.D.N.Y.1976). Furthermore, the complaint alleges only that injuries are likely to be sustained in the future by plaintiffs. It does not aver that plaintiffs had suffered any harm at the time the complaint was filed, such as would be compensable in damages.

■ Even if the complaint were amended to name the officials in their individual capacities and to allege past injuries, it would still fail to state a claim for damages. As public officials they enjoy a qualified immunity to actions for damages under § 1983. *See Scheuer v. Rhodes,* 416 U.S. 232, 238–49, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Laverne v. Corning,* 522 F.2d 1144, 1147–50 (2d Cir. 1975); *Reilly v. Doyle,* 483 F.2d 123, 128–29 (2d Cir. 1973). Plaintiffs have not alleged that defendants Chaucer and McSheffery have acted with malice, with an intent to deprive them of their constitutional rights, or with a reckless disregard for their rights. The regulations under which the defendants are acting are legislative enactments governing business activities. While I do not pass on the ultimate constitutionality of the regulations, any defect they *might* have is not so obvious or blatant as to give notice to laymen of their invalidity. Thus, public officials acting to enforce such regulations with a good-faith belief in their validity cannot be held to answer in damages for those official acts. *See Laverne v. Corning, supra,* 522 F.2d at 1147; *cf. Pierson v. Ray,* 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). It is therefore appropriate to view this action as if it were brought solely for declaratory and injunctive relief.

■ The second preliminary point is that the doctrine of res judicata has no application here. For their claim of res judicata, the defendants rely on the decision of the Court of Common Pleas denying plaintiffs' motion for a preliminary injunction as to all sections of the regulations save one. The defense of res judicata re-

quires the existence of a prior judgment. *Lusas v. St. Patrick's Roman Catholic Church Corp.,* 125 Conn. 206, 4 A.2d 333 (1939). An interlocutory decree which does not decide with finality the relevant issues of law and fact cannot support the defense. *Sterling Drug, Inc. v. Weinberger,* 509 F.2d 1236, 1240 (2d Cir. 1975); *McDonnell v. United States,* 455 F.2d 91, 96 (8th Cir. 1972). Under Connecticut law a decision regarding a preliminary injunction is not a judgment and is not binding on the court in further proceedings in the same case. *See Bridgeport Herald Corp. v. Lower Fairfield County Newsdealers Association, Inc.,* 22 Conn.Sup. 111, 163 A.2d 658 (Fairfield County Super.Ct.1960). Having determined that the res judicata defense does not apply, I will proceed to consider whether equitable restraint is warranted.

## II.

■ Actions brought under 42 U.S.C. § 1983 are not subject to the federal anti-injunction statute, 28 U.S.C. § 2283. *Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). Nor is there any requirement that a plaintiff under § 1983 exhaust his judicial remedies in the state courts before bringing an action in federal court. *Steffel v. Thompson,* 415 U.S. 452, 472–73, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974); *Monroe v. Pape, supra,* 365 U.S. at 183, 81 S.Ct. 473; *Cicero v. Olgiati,* 410 F.Supp. 1080, 1086 (S.D.N.Y.1976). Yet when a plaintiff who seeks declaratory or injunctive relief under § 1983 is also party to proceedings in a state court, and where the issues raised by his § 1983 claim are or could be presented for decision in the state court, the doctrine of equitable restraint may require the federal court to decline to exercise its jurisdiction.

The leading modern case in this area is *Younger v. Harris, supra,* in which a § 1983 plaintiff, asserting federal constitutional claims, sought to enjoin a prosecution pending against him in a California court. The Supreme Court held that a federal court must not enjoin a pending state criminal prosecution on the basis of constitutional objections, in the absence of extraordinary circumstances, because the defendant can raise his federal claims as defenses in the state court.

The *Younger* decision was grounded in part on traditional principles of equity. One of these is the reluctance of courts of equity to restrain a criminal prosecution. 401 U.S. at 43–44, 91 S.Ct. 746. Another is the fundamental requirement that in order to seek equitable relief, a party must have no remedy available at law. In *Younger,* the federal plaintiff had an adequate remedy in the prosecution pending against him, for his constitutional defenses could be preserved for an ultimate appeal to the United States Supreme Court. *See* 401 U.S. at 45–46, 91 S.Ct. 746. The court in *Younger* also stressed "the notion of 'comity,' that is, a proper respect for state functions," 401 U.S. at 44, 91 S.Ct. at 750, as a basis for its decision. It noted that the federalist system requires the national government to avoid undue or unnecessary interference with the legitimate activities of the States. Therefore "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." 401 U.S. at 45, 91 S.Ct. at 751, *citing Fenner v. Boykin,* 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927 (1926).

## III.

*Younger* arose in connection with a state criminal prosecution, and it was recognized that courts of equity had traditionally shown greater reluctance to intervene in criminal cases than in civil cases. *See* 401 U.S. at 55 n. 2, 91 S.Ct. 746 (Stewart, J., concurring). *Cf. Douglas v. City of Jeannette,* 319 U.S. 157, 163–64, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). But one Justice, joined by two others, expressed the opinion that the considerations underlying *Younger* were equally applicable when civil proceedings were pending in state courts. *Lynch v. Household Finance Corp.,* 405 U.S. 538, 561, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972) (White, J., dissenting). Subsequently the Court held that equitable restraint was required in a case where state agents had initiated a

public nuisance proceeding against the federal plaintiff in order to close an establishment where allegedly obscene films were exhibited. Though the proceeding was denominated as civil in nature, the state's interest in bringing it was similar to that involved in *Younger,* for the proceeding was "in aid of and closely related to criminal statutes which prohibit the dissemination of obscene materials." *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604, 95 S.Ct. 1200, 1208, 43 L.Ed.2d 482 (1975). *See also Trainor v. Hernandez,* 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (civil suit brought by state agency to recover welfare payments allegedly obtained through fraud). In 1977, *Younger* was applied where civil contempt proceedings were pending in a state court. Though the contempt order had arisen in the course of a civil action between private parties and was thus unrelated to the state's interest in criminal enforcement, the Court required equitable restraint because of the "State's interest in the contempt process, through which it vindicates the regular operation of its judicial system . . . ." *Juidice v. Vail,* 430 U.S. 327, 335, 97 S.Ct. 1211, 1217, 51 L.Ed.2d 376 (1977).

A cohesive outline of the scope and limits of equitable restraint in civil litigation has not yet emerged from these Supreme Court cases. Attempting to follow *Younger* and its progeny, the lower federal courts have stressed several different criteria. See Part IV, *infra.* Most have agreed since the *Huffman* decision that the distinction between civil and criminal cases is no longer crucial. The application of "notions of comity, equity and federalism"

> "should never be made to turn on such labels as 'civil' or 'criminal' but rather upon an analysis of the competing interests in each case. *Palaio v. McAuliffe,* 466 F.2d 1230, 1232–1233 (5th Cir. 1972); *Cousins v. Wigoda,* 463 F.2d 603 (7th Cir.), application for stay denied, 409 U.S. 1201, 92 S.Ct. 2610, 34 L.Ed.2d 15 (1972) (Rhenquist [*sic*], Circuit Justice)." *Lynch v. Snepp,* 472 F.2d 769, 773 (4th Cir. 1973), *cert. denied,* 415 U.S. 983, 94 S.Ct. 1576, 39 L.Ed.2d 880 (1974).

As a result, federal courts have dismissed injunctive and declaratory actions brought by plaintiffs who were simultaneously defendants or respondents in a variety of state civil proceedings. These have included injunctions against picketing in labor disputes, *Louisville Area Inter-Faith Committee v. Nottingham Liquors, Ltd.,* 542 F.2d 652 (6th Cir. 1976); *American Radio Association v. Mobile Steamship Association,* 483 F.2d 1 (5th Cir. 1973); injunctions against picketing and other activities at a university and a public school, *Duke v. State of Texas,* 477 F.2d 244 (5th Cir. 1973), *cert. denied,* 415 U.S. 978, 94 S.Ct. 1565, 39 L.Ed.2d 874 (1974); *Lynch v. Snepp, supra;* tax sales, *Johnson v. Kelly,* 436 F.Supp. 155 (E.D.Pa.1977); an action to recover attorney's fees, *Lamb Enterprises, Inc. v. Kiroff,* 549 F.2d 1052 (6th Cir.), *cert. denied,* 431 U.S. 968, 97 S.Ct. 2926, 53 L.Ed.2d 1064 (1977); a mortgage foreclosure, *Fisher v. Federal National Mortgage Association,* 360 F.Supp. 207 (D.Md.1973); condemnations, *Ahrensfeld v. Stephens,* 528 F.2d 193 (7th Cir. 1975) (alternate holding); *Sorger v. Philadelphia Redevelopment Authority,* 401 F.Supp. 348, 354 (E.D.Pa.1975); a divorce, *Kahn v. Shainswit,* 414 F.Supp. 1064 (S.D. N.Y.1976); proceedings to identify a child's father, *Burdick v. Miech,* 409 F.Supp. 982 (E.D.Wis.1975) (three-judge court); disciplinary proceedings against attorneys, *Anonymous J. v. Bar Association,* 515 F.2d 435 (2d Cir.), *cert. denied,* 423 U.S. 840, 96 S.Ct. 71, 46 L.Ed.2d 60 (1975); *Anonymous v. Association of the Bar,* 515 F.2d 427 (2d Cir.), *cert. denied,* 423 U.S. 863, 96 S.Ct. 122, 46 L.Ed.2d 92 (1975); *Goodrich v. Supreme Court of South Dakota,* 511 F.2d 316 (8th Cir. 1975); *Erdmann v. Stevens,* 458 F.2d 1205 (2d Cir.), *cert. denied,* 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147 (1972); *Niles v. Lowe,* 407 F.Supp. 132 (D.Haw.1976); a court order removing justices of the peace from office, *Roy v. Jones,* 484 F.2d 96, 99–100 (3d Cir. 1973); and a dispute between rival delegations to a national political convention, *Cousins v. Wigoda,* 463 F.2d 603 (7th Cir.), *applic'n for stay denied,* 409 U.S. 1201, 92 S.Ct. 2610, 34 L.Ed.2d 15 (1972)

(Rehnquist, Circuit Justice).[2] Only two reported cases dismissed under *Younger* have involved plaintiffs who were also plaintiffs in the pending state litigation. *Gras v. Stevens,* 415 F.Supp. 1148, 1154 (S.D.N.Y. 1976) (three-judge court) (dictum); *Hamar Theatres, Inc. v. Cryan,* 393 F.Supp. 34 (D.N.J.1975).[3]

## IV.

Most of the cases on equitable restraint involve an attempt to enjoin state judicial proceedings. Although on its face plaintiffs' motion for a preliminary injunction seeks to enjoin the action pending in the state court, that is not the substance of the relief requested. That action was brought by plaintiffs and could be withdrawn at their pleasure before a hearing on the merits. Conn.Gen.Stat. § 52–80. This court is rather being asked to supercede the state court's jurisdiction over a case pending before it, by granting a remedy that the state court has denied. In effect, then, plaintiffs seek to substitute the federal court for a state appellate court.

Plaintiffs urge several reasons for this approach. It is extremely doubtful, they say, that the state court's ruling on their motion for a preliminary injunction is appealable under Connecticut law. Their decision not to attempt such an appeal "was purely a strategic one." Plaintiffs' Supplemental Memorandum at 3. They believed that such an appeal would result in long delays, and that the state courts would eventually deny relief on their substantive claims. *Id.* They chose as an alternative to press the same claims in a different court. In their view, only the federal court can

now award immediate relief and thus prevent irreparable harm. They have suggested that the state courts would probably rule erroneously on the constitutional issues presented here. They also argue that they cannot obtain consideration of all of their claims in the state courts, noting that some of their arguments were not discussed in the Court of Common Pleas' memorandum opinion.[4]

Despite these assertions, a review of the considerations underlying the *Younger* doctrine will demonstrate that they call for dismissal of this action.

## A.

■ Perhaps the most fundamental requirement for the exercise of equitable restraint is the existence of an ongoing state proceeding where the federal plaintiffs' claims can be heard. *Huffman v. Pursue, Ltd., supra,* 420 U.S. at 604, 605–06, 95 S.Ct. 1200; *Steffel v. Thompson, supra,* 415 U.S. at 462, 94 S.Ct. 1209; *Perez v. Ledesma,* 401 U.S. 82, 103–04, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971) (Brennan, J., concurring and dissenting); *Lynch v. Snepp, supra,* 472 F.2d at 774; *Hamar Theatres, Inc. v. Cryan, supra,* 393 F.Supp. at 39; *Fisher v. Federal National Mortgage Association, supra,* 360 F.Supp. at 210; see *Roy v. Jones, supra,* 484 F.2d at 100 & n. 16.[5] The *Younger* doctrine is directed at the avoidance of unnecessarily duplicative litigation. *See Trainor v. Hernandez, supra,* 431 U.S. at 445, 97 S.Ct. 1911; *Huffman v. Pursue, Ltd., supra,* 420 U.S. at 604, 95 S.Ct. 1200. Additionally, if the federal plaintiffs' claims can be heard in

---

**2.** *But cf. Puerto Rico Int'l Airlines, Inc. v. Silva Recio,* 520 F.2d 1342 (1st Cir. 1975), where *Younger* was held inapplicable to an action for damages under wage and hour laws of the Commonwealth of Puerto Rico.

**3.** The plaintiffs in *Wisnoski v. Weihing,* 396 F.Supp. 1358 (E.D.Wis.1975), had been plaintiffs in a previously concluded state court action. The court relied on *Huffman v. Pursue, Ltd., supra,* in dismissing their federal action.

**4.** Plaintiffs also argue that the state litigation cannot dispose of all issues raised in this case

because only their federal complaint includes a prayer for damages. See Part I, *supra.*

**5.** In one case, *Younger* was applied where plaintiffs' claims could not be presented in any pending state proceeding, but plaintiffs had an opportunity to institute state habeas corpus proceedings for that purpose. *Wallace v. Kern,* 520 F.2d 400, 405–08 (2d Cir. 1975), *cert. denied,* 424 U.S. 912, 96 S.Ct. 1109, 47 L.Ed.2d 316 (1976); *cf. Farrell v. Joel,* 437 F.2d 160, 164 (2d Cir. 1971) (Lumbard, C. J., concurring) (no irreparable harm if plaintiffs have remedy available in state court).

another proceeding, they cannot satisfy the requirement of equity that there be no remedy available at law. *Younger v. Harris, supra,* 401 U.S. at 43–44, 91 S.Ct. 746.

◼ In determining whether a pending proceeding provides a basis for equitable restraint, it is significant that the state government (in this case, the city) is a party to that proceeding; this assures that the opposition to the constitutional claims of the federal plaintiffs will be heard. *See Trainor v. Hernandez, supra,* 431 U.S. at 443, 97 S.Ct. 1911; *cf. Huffman v. Pursue, Ltd., supra,* 420 U.S. at 604, 95 S.Ct. 1200; *Younger v. Harris, supra,* 401 U.S. at 55 n. 2, 91 S.Ct. 746 (Stewart, J., concurring).[6] The justification for *Younger* restraint is increased where the state or local government has an important interest in the outcome of the state proceedings. *See Trainor v. Hernandez, supra,* 431 U.S. at 448–50, 97 S.Ct. 1911 (Blackmun, J., concurring); *Johnson v. Kelly, supra,* 436 F.Supp. at 164–65; *Burdick v. Miech, supra,* 409 F.Supp. at 984–85. Though the action now pending in the Court of Common Pleas was not brought by the city to vindicate its interests, that action will determine whether future prosecutions may be brought under a city ordinance, and it is therefore important to the city's interest in enforcing that ordinance.

◼ Plaintiffs contend that the pending action, while it will afford a hearing on the

merits of their claim, cannot adequately protect their constitutional rights, because no preliminary relief has been granted to preserve the status quo. But *Younger* requires that a plaintiff exhaust his appellate remedies in a pending state proceeding before seeking relief in federal court. *Huffman v. Pursue, Ltd., supra,* 420 U.S. at 608, 95 S.Ct. 1200; *see Lynch v. Snepp, supra,* 472 F.2d at 775–76. 'It is not clear whether Connecticut law permits an appeal from the ruling on plaintiffs' motion for a preliminary injunction,[7] but plaintiffs could only have settled that issue by filing an appeal. "A party may not invoke the aid of a federal court, alleging that his state remedies are inadequate, without having first tested the sufficiency of those remedies and having found them to be wanting." *Duke v. State of Texas, supra,* 477 F.2d at 252 (footnote omitted). *See also Brown v. Wilmot,* 572 F.2d 404, 406 (2d Cir. 1978) (habeas corpus); *United States ex rel. Bagley v. LaVallee,* 332 F.2d 890, 892 (2d Cir. 1964) (habeas corpus).

If all possible methods of appeal had been attempted and had failed, then it would be clear that resort to federal litigation was necessary to obtain preliminary relief. Assuming that such relief were found to be necessary to prevent irreparable harm, the question would be presented whether the need for preliminary relief constituted "extraordinary circumstances" warranting an exception to *Younger. See generally Ku-*

---

**6.** *Younger* has been applied, however, where the pending state action is solely between private parties. *See Lamb Enterprises, Inc. v. Kiroff, supra; Louisville Area Inter-Faith Committee v. Nottingham Liquors, Ltd., supra; Cousins v. Wigoda, supra; Gras v. Stevens, supra; Kahn v. Shainswit, supra; Fisher v. Federal Nat'l Mortgage Ass'n, supra. But see Puerto Rico Int'l Airlines, Inc. v. Silva Recio,* 520 F.2d 1342, 1345 (1st Cir. 1975).

**7.** The Supreme Court of Connecticut has held that no appeal lies from an order *dissolving* a temporary injunction, but recognized in that decision that appeals from interlocutory decrees could be permitted in order to prevent irreparable harm. *Olcott v. Pendleton,* 128 Conn. 292, 22 A.2d 633 (1941). The *Olcott* decision was distinguished where a husband appealed from a temporary support order. Should his wife not have prevailed in her pend-

ing action for support, the husband would not have been entitled to reimbursement of funds paid under the temporary order. Thus the order determined certain rights with finality and was held to be appealable. *Hiss v. Hiss,* 135 Conn. 333, 64 A.2d 173 (1949). In an action for condemnation, an appeal was held to lie from an interlocutory order denying the plaintiff's application for immediate possession of the subject premises. The order was appealable because it determined with finality the issue whether delay of possession would prejudice public interests. *Northeastern Gas Transmission Co. v. Bruch,* 138 Conn. 370, 84 A.2d 681 (1951). Plaintiffs here could have argued that the effect of the Court of Common Pleas' decision during the pendency of their action was as irreparable and as significant as the effects noted in the *Hiss* and *Northeastern Gas* cases.

*gler v. Helfant,* 421 U.S. 117, 124–25, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975). However, since the plaintiffs did not exhaust their appellate remedies, there is no need to decide that question.

The fact that the Court of Common Pleas declined to discuss all of plaintiffs' arguments in its decision means only that the court considered some of them unworthy of comment. Those issues were properly before the court and thus were decided in its ruling. *See Angel v. Bullington,* 330 U.S. 183, 189–91, 67 S.Ct. 657, 91 L.Ed. 832 (1947); *Katz v. State of Connecticut,* 307 F.Supp. 480, 483–84 (D.Conn.1969); *cf. Duke v. State of Texas, supra,* 477 F.2d at 252. The undiscussed claims remain in the case, and this court must assume that the state courts provide an adequate forum for all of the plaintiffs' claims.

### B.

■■■ The principle of comity requires that federal and state courts regard one another with respect and avoid conflicts between their respective jurisdictions. *See, e. g., Ponzi v. Fessenden,* 258 U.S. 254, 260–61, 42 S.Ct. 309, 66 L.Ed. 607 (1922). Considerations of comity apply in the context of civil litigation as well as in criminal prosecutions. *Huffman v. Pursue, Ltd., supra,* 420 U.S. at 603–05, 95 S.Ct. 1200. Furthermore, it is now clear that considerations of comity are more vital to the doctrine of equitable restraint than the state interest in criminal prosecutions. *Trainor v. Hernandez, supra,* 431 U.S. at 443–44, 97 S.Ct. 1911; *Juidice v. Vail, supra,* 430 U.S. at 334, 97 S.Ct. 1211.

As discussed above, this action is essentially brought to supercede the state court proceedings and not to enjoin them. But considerations of comity are not relevant only where one court is asked to enjoin another. For example, declaratory relief may interfere with the state court's functions in the same way as an injunction would. *Samuels v. Mackell,* 401 U.S. 66, 73, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); *see Ahrensfeld v. Stephens, supra,* 528 F.2d at 197 n. 6; *Hamar Theatres, Inc. v. Cryan, supra,* 393 F.Supp. at 47.

To supercede the state court in this matter would deprive it of its "function . . . of overseeing trial court dispositions of constitutional issues which arise in civil litigation over which [it has] jurisdiction." *See Huffman v. Pursue, Ltd., supra,* 420 U.S. at 609, 95 S.Ct. at 1210. (footnote omitted). It is a well-established principle of comity that

"[w]here a State court and a court of the United States may each take jurisdiction, the tribunal which first gets it holds it to the exclusion of the other, until its duty is fully performed and the jurisdiction invoked is exhausted: and this rule applies alike in both civil and criminal cases." *Taylor v. Taintor,* 83 U.S. (16 Wall.) 366, 370, 21 L.Ed. 287 (1873) (footnote omitted), *quoted in In re Liberatore,* 574 F.2d 78, 88 (2d Cir. 1978).

■■■ It is also well established that federal district courts do not sit in review of decisions by state courts. *See, e. g., Huffman v. Pursue, Ltd., supra,* 420 U.S. at 609, 95 S.Ct. 1200; *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Duke v. State of Texas, supra,* 477 F.2d at 253; *Hamar Theatres, Inc. v. Cryan, supra,* 393 F.Supp. at 45; *cf. Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 293, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). Where the state courts have erred, the proper forum for appeal is the United States Supreme Court. *Juidice v. Vail, supra,* 430 U.S. at 337 & n. 14, 97 S.Ct. 1211; *Lamb Enterprises, Inc. v. Kiroff, supra,* 549 F.2d at 1058.

■■■ Plaintiffs cannot circumvent these principles by predicting that the state courts will decide their case erroneously. Comity requires a federal court to assume that state courts will perform their duty to uphold the Constitution to the best of their abilities. *Huffman v. Pursue, Ltd., supra,* 420 U.S. at 610–11, 95 S.Ct. 1200; *Cousins v. Wigoda, supra,* 463 F.2d at 607; *cf. Mitchell v. National Broadcasting Co.,* 553 F.2d 265, 276 (2d Cir. 1977). Just as the

*Younger* rationale is not affected by a claim that error has been committed in the state court, *see Duke v. State of Texas, supra,* 477 F.2d at 252, it is also unaffected by arguments that predict the future course of state litigation. *See, e. g., Anonymous v. Association of the Bar, supra,* 515 F.2d at 434–35; *Burdick v. Miech, supra,* 409 F.Supp. at 985.

### C.

■ Most cases decided under *Younger* have involved federal plaintiffs whose roles in pending state litigation were involuntary. There is no reason why different standards should apply to plaintiffs who themselves initiated the pending litigation. If there is any difference at all, it is that plaintiffs' predicament is entirely their own creation—a difference which makes dismissal even more appropriate. As Judge Stern observed in *Hamar Theatres, Inc. v. Cryan, supra,* 393 F.Supp. at 44–45:

"This is a plaintiff who has elected to seek redress in the state trial court first, and then, unhappy with the initial outcome of the state litigation, does not appeal but instead brings a separate and redundant suit on the same grounds in federal court."

Admittedly, equitable restraint would not be mandated had the plaintiffs chosen the federal court initially. But once they have begun their action in the state court, the plaintiffs "must see it through there, instead of abandoning that forum in favor of another at the first adverse ruling." *Id.,* 393 F.Supp. at 46.

### D.

■ Exceptional circumstances may justify federal intervention where restraint would otherwise be required. *See, e. g., Gibson v. Berryhill,* 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973) (state proceeding before biased administrative board). No such circumstances are present in this case. Plaintiffs contend that defendants have acted in bad faith, citing *Dombrowski v. Pfister,* 380 U.S. 479, 85 S.Ct. 1116, 14

L.Ed.2d 22 (1965). But *Dombrowski* concerned police harassment and bad faith in bringing criminal charges against the federal plaintiffs. No charges have been brought against these plaintiffs. Their complaint does not attack the enforcement practices of city officials, but rather is directed only at the ordinance and regulations themselves. Another possible exception to *Younger* involves a criminal statute that is "flagrantly and patently violative of express constitutional provisions in every clause, sentence and paragraph . . . ." *Younger v. Harris, supra,* 401 U.S. at 53, 91 S.Ct. at 755, *quoting Watson v. Buck,* 313 U.S. 387, 402, 61 S.Ct. 962, 85 L.Ed. 1416 (1941). As was mentioned in Part I, *supra,* this ordinance is not obviously unconstitutional on its face.

### V.

■ One of the plaintiffs in this action, Sharon Conklin, is not a party to the action in the state court. Her employer, Barbara Joubert d/b/a Imperial Health Club, is a plaintiff in both actions, and they are represented by the same counsel. Ms. Conklin's interests are therefore adequately represented in the state court.

■ A similar situation was presented in *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). There the operators of a theater brought an injunctive action in federal court to restrain enforcement of an obscenity statute. At the time the complaint was filed, criminal charges were pending against two employees of the theater. The Supreme Court held that *Younger* principles applied to the operators' suit, "[a]bsent a clear showing that [the operators], whose lawyers also represented their employees, could not seek the return of their property in the state proceedings and see to it that their federal claims were presented there . . . ." 422 U.S. at 349, 95 S.Ct. at 2291 (alternate holding).[8] *See also Ellentuck v. Klein,* 570 F.2d 414, 425 (2d Cir. 1978), *quoting Expert Electric, Inc. v. Levine,* 554 F.2d 1227, 1233 (2d Cir.), *cert. denied,* 434 U.S. 903, 98 S.Ct. 300, 54

---

**8.** As an alternative ground, the Court held that *Younger* restraint was required because criminal charges were filed against the theater operators "before any proceedings of substance [had] taken place" on their federal complaint. 422 U.S. at 349, 95 S.Ct. at 2292.

L.Ed.2d 190 (1977) (res judicata). The Court noted that the operators had a substantial stake in the state prosecution pending against their employees, whose interests were intertwined with their own. 422 U.S. at 348–49, 95 S.Ct. 2281. *Cf. Gajon Bar & Grill, Inc. v. Kelly,* 508 F.2d 1317, 1321–22 (2d Cir. 1974). If the parties were not participants in the same business enterprise, they would not be "thrown into the same hopper for *Younger* purposes," even though represented by common counsel. *See Doran v. Salem Inn, Inc.,* 422 U.S. 922, 928–29, 95 S.Ct. 2561, 2566, 45 L.Ed.2d 648 (1975). Here the parties' interests are intertwined as in *Hicks,* and comity requires the court to treat them identically, exercising equitable restraint as to all plaintiffs.

In light of the foregoing, it is unnecessary to consider defendants' argument that plaintiff Conklin lacks standing to challenge the Hartford ordinance and regulations, or to consider whether abstention is required to allow the state courts to decide issues of state law. The motion for a preliminary injunction is denied, and the action is dismissed.

SO ORDERED.