Willard VAN DRUNEN, d/b/a Van Drunen Lumber Co., John Van Deel, d/b/a John Van Deel and Sons Contractors, Plaintiffs,

v.

VILLAGE OF SOUTH HOLLAND, Defendant.

No. 81 C 7022.

United States District Court, N.D. Illinois, E.D.

Aug. 23, 1982.

**2.** *But cf. Nakshian,* 101 S.Ct. at 2704 n. 13 (distinguishing *Pfitsch*).

Van Der Aa & Lanting, Ltd., South Holland, Ill., for plaintiffs.

Jacobs, Buikema, Malak, Heaney & Hiskes, Ltd., South Holland, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

This matter is before the court on the motion of defendant, Village of South Holland (the "Village"), to dismiss on abstention grounds. For purposes of the motion to dismiss, the following facts are taken as true: On July 21, 1981 the Board of Trustees of the Village added Chapter 6A, "Business Regulation Certificate," to its municipal code. This chapter requires every commercial and industrial establishment in the Village to purchase a "business regulation certificate" at a fee determined by the number of square feet of property occupied by the business. The fees range from $30 to $100 and failure to purchase the certificate can result in fines of $25 to $500 and up to six months imprisonment.

On September 3, 1981 the Village commenced a quasi-criminal action in Cook County Circuit Court against plaintiffs in this action, Willard Van Drunen, d/b/a Van

Drunen Lumber Company and John Van Deel, d/b/a John Van Deel and Sons Contractors (hereinafter referred to collectively as "Van Drunen"), for alleged violation of Chapter 6A. In the state court Van Drunen filed a motion to dismiss, supported by an exhaustive memorandum, challenging the validity of Chapter 6A under state and federal law. Van Drunen argued that Chapter 6A is invalid under state law because (1) it represents an attempt to license for revenue in violation of the Illinois constitution[1] and state statute;[2] (2) it is an unreasonable exercise of police power; (3) it is unacceptably vague; and (4) the ordinance is preempted by state statutes which establish licensing requirements for the pursuit of certain occupations. In addition, Van Drunen contended in state court that Chapter 6A violates the federal constitution in that it permits search and seizure in violation of the Fourth Amendment, (2) constitutes taking of private property without just compensation in violation of the Fifth Amendment, (3) deprives plaintiffs of property and liberty without due process of law, and (4) denies them equal protection of the laws in violation of the Fourteenth Amendment. Van Drunen's motion to dismiss on these grounds is still pending before the Cook County Circuit Court.

Approximately five months after the commencement of the state proceeding Van Drunen filed this suit under 42 U.S.C. § 1983 in federal district court, requesting an injunction against the state proceeding and a declaratory judgment that Chapter 6A is unconstitutional. Van Drunen also requests that the Village refund all fees collected pursuant to 6A. In the federal suit Van Drunen again challenges the validity of the ordinance under state and federal law, as elaborated in the state proceeding.

In its motion to dismiss the Village urges this court to abstain from deciding Van Drunen's claims because (1) a state action involving the same parties and the same issues is pending in state court; (2) both the state and federal issues require interpretation of the Illinois constitution and state

1. Ill. Const. Art. 7, § 6(e)(2).

2. Ill.Rev.Stat.1979, ch. 24, § 11–42–1.

law; and (3) resolution of the state law questions may moot the federal issues.

 Under most circumstances, when a litigant properly invokes one of the statutory grants of federal jurisdiction a federal district court must assume and exercise jurisdiction over the litigant's claims. *Ahrensfeld v. Stephens*, 528 F.2d 193, 196 (7th Cir.1975); *Schiessle v. Stephens*, 525 F.Supp. 763, 766–67 (N.D.Ill.1981). However, federal courts will abstain from exercising jurisdiction under certain circumstances. The Supreme Court has enunciated two theories of abstention which are arguably applicable to this action, one in the case of *Railroad Commission v. Pullman Company*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), and the other in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In *Younger* the Supreme Court held that the exercise of federal jurisdiction is not warranted if the litigant can secure a fair trial on its federal claims by way of a defense in a state enforcement proceeding that is already under way. The basic premise of the *Younger* doctrine is that the pending or imminent state proceeding provides an adequate forum for the federal plaintiff's claims.[3] Thus, a federal district court must abstain from interfering with the state proceeding unless it finds that the state action is motivated by a desire to harass or is conducted in bad faith or that the challenged state law is flagrantly unconstitutional. *Huffman v.*

*Pursue, Ltd.,* 420 U.S. 592, 611, 95 S.Ct. 1200, 1212, 43 L.Ed.2d 482 (1975); *Moore v. Sims,* 442 U.S. 415, 424, 99 S.Ct. 2371, 2377, 60 L.Ed.2d 994 (1979).

 *Pullman* abstention comes into play where an unclear or unconstrued state law, which is susceptible to an interpretation that would render it constitutional, is challenged on federal constitutional grounds. *Ahrensfeld v. Stephens, supra* at 199. In such cases deference is given to state courts to interpret the unsettled state law, thereby avoiding the possibility of unnecessarily deciding a federal constitutional question. *Railroad Commission v. Pullman Company, supra* 312 U.S. at 500, 61 S.Ct. at 645.

 In its motion the Village argues that *Pullman* abstention requires dismissal of Van Drunen's federal lawsuit. Although this court concludes that abstention is required under either *Pullman* or *Younger,* the factors leading to this conclusion fall more properly within the *Younger* line of reasoning. A government-initiated proceeding involving the same parties and the same issues is currently pending in Cook County Circuit Court. Van Drunen has requested this court to enjoin this proceeding because Chapter 6A allegedly violates the federal constitution. However, Van Drunen's federal claims can be, and indeed have been, properly raised in the state court proceeding by way of a motion to dismiss. Therefore, absent a showing of harassment

**3.** The Supreme Court in *Younger* dealt with the abstention doctrine only as applicable to state criminal proceedings. However, subsequently the Court extended *Younger* to apply in certain civil proceedings. *See Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). Although the proceeding in *Huffman* was civil in nature, the state's interest in bringing it was similar to that involved in *Younger* because the proceeding was "in aid of and closely related to criminal statutes which prohibit the dissemination of obscene materials." *Huffman v. Pursue, Ltd., supra* at 604, 95 S.Ct. at 1208. *See also Moore v. Sims,* 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979); *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). In following *Younger* and its progeny, most lower federal courts agree that the distinction between civil and criminal cases is no longer crucial. *See e.g., Johnson v.*

*Kelly,* 583 F.2d 1242, 1248 (3rd Cir.1978); *Aristocrat Health Club of Hartford v. Chaucer,* 451 F.Supp. 210, 215 (D.Conn.1978). The controlling factor in determining the type of proceeding to which *Younger* should apply appears to be the state's interest in the state proceeding. If the state or local government has an important interest in the outcome of the state proceedings, the justification for the *Younger* doctrine is increased. *See Trainor v. Hernandez,* 431 U.S. 434, 448–50, 97 S.Ct. 1911, 1920–21, 52 L.Ed.2d 486 (1977) (Blackman, J., concurring); *Aristocrat Health Club of Hartford v. Chaucer, supra* at 217; *Burdick v. Miech,* 409 F.Supp. 982, 984–85 (E.D.Wis.1975). In this case the interest of the local government in the state proceeding is significant as the Village not only is a party to that proceeding but has initiated it in order to enforce a local ordinance.

or bad faith on the part of the Village, the principles of equity, comity and federalism enunciated in *Younger* dictate against this court's interference with the state proceeding. *See Ahrensfeld v. Stephens, supra* at 197. Van Drunen has made no showing of harassment or bad faith to warrant this court's interference. Accordingly, this action must be dismissed under *Younger* principles.

The Court of Appeals for the Seventh Circuit arrived at the same conclusion in *Ahrensfeld v. Stephens, supra,* a case factually almost identical to the present one. In that case property owners in the Village of Rosemont, Illinois, filed suit in federal district court against the Village of Rosemont and individual members of the board of trustees of the village. The property owners challenged the constitutionality of the Illinois Eminent Domain Act as well as a resolution passed by the Village of Rosemont which authorized it to acquire certain property by eminent domain proceedings. Pursuant to the authority granted by this resolution the village had instituted a condemnation proceeding in state court against the property owners. During the pendency of the state proceedings the property owners filed their federal suit seeking an injunction against the state action. The district court dismissed the case and the Seventh Circuit affirmed, applying both the *Younger* and the *Pullman* abstention doctrines. The court found *Younger* abstention appropriate since the property owners, like the federal plaintiffs here, could raise their constitutional claims in the pending state proceeding, making federal intervention unnecessary. 528 F.2d at 199.

The *Ahrensfeld* court also applied *Pullman* abstention to the property owners' challenge to the constitutionality of the Illinois Eminent Domain Act because the Act had not yet been construed by the state courts. According to the court, abstention was warranted because a state court interpretation of the Act could obviate the need to consider its validity under the federal constitution. 528 F.2d at 200. Similarly, in the present case abstention is warranted under the *Pullman* doctrine. Van Drunen asserts several state and federal grounds for invalidating Chapter 6A. At least four of its claims are based on an interpretation of the Illinois constitution, Illinois statutes and case law. None of the state law questions is clearly settled.[4] This uncertainty in the state law is another factor favoring abstention, especially where, as in this case, an action pending in state court will likely resolve the state law issues. *See Harris County Commissioners Court v. Moore,* 420 U.S. 77, 83, 95 S.Ct. 870, 875, 43 L.Ed.2d 32 (1975); *Chicago v. Fieldcrest Dairies, Inc.,* 316 U.S. 168, 173, 62 S.Ct. 986, 988, 86 L.Ed. 1355 (1942).

The question remains whether this court should stay Van Drunen's federal action pending resolution of the state court proceeding or dismiss it altogether. The latter course is normally followed in the *Younger* line of cases while under the *Pullman* doctrine the usual course is to retain jurisdiction but stay the federal suit until the state law questions are decided by the state court. *Harris County Commissioners Court v. Moore, supra* 420 U.S. at 88 n. 14, 95 S.Ct. at 878 n. 14. However, if a federal plaintiff, whose action has been stayed under *Pullman* chooses to litigate his federal claims in state court and receives an adjudication of those claims there, he may not then raise them a second time in federal district court. *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 422, 84 S.Ct. 461, 468, 11 L.Ed.2d 440 (1964); *Lurie v. California,* 633 F.2d 786, 787 (9th Cir.1980), *cert. denied,* 451 U.S. 987, 101 S.Ct. 2321, 68 L.Ed.2d 844 (1981). In this

---

**4.** The recent Illinois case, *Commercial Bank of Chicago v. City of Chicago,* 89 Ill.2d 45, 59 Ill.Dec. 643, 432 N.E.2d 227 (1982), referred to by Van Drunen is not helpful because that case involved a different proviso of Article 7, § 7 of the Illinois constitution than the one applicable here. In that case the court held that a tax imposed on services in the City of Chicago was invalid under the language relating to "taxes upon or measured by income or earnings or upon occupations." Van Drunen, however, challenges Chapter 6A under the language regulating a local government's authority "to license for revenue."

case, because Van Drunen's federal claims are presently before the state court, principles of *res judicata* will foreclose a second opportunity to litigate those claims in this court. Accordingly, this court dismisses rather than stays this action.[5]

---

**5.** Even if Van Drunen had properly preserved its federal claims to be later adjudicated in federal court, as required under *Pullman,* dismissal would be necessary under *Younger,* which is premised on the principle that the federal plaintiff has a full and fair opportunity to litigate its federal claims as a defendant in the state proceeding. While this court need not decide this potential procedural conflict between *Younger* and *Pullman* because Van Drunen has raised its federal claims in the state court, the *Younger* justification for dismissal seems to apply with greater force in cases such as this which involve issues primarily of local concern, *i.e.,* licensing, taxing and business regulation. Dismissal of Van Drunen's suit does not preclude access to a federal forum for adjudication of his federal constitutional claims. Where, as here, a plaintiff challenges the constitutionality under federal law of a state statute or local ordinance, and its constitutionality is upheld by the state court, appeal to the Supreme Court lies as a matter of right. 28 U.S.C. § 1257(2). *See Huffman v. Pursue, Ltd.,* 420 U.S. at 605, 95 S.Ct. at 1208; *Poulos v. New Hampshire,* 345 U.S. 395, 402, 73 S.Ct. 760, 764, 97 L.Ed. 1105 (1953) (§ 1257(2) applies to local ordinances challenged on federal constitutional grounds.)