**Bernard Anthony YBARRA, Petitioner,**

v.

**Charles L. WOLFF, Jr., Director of the Department of Prisons, et al., Respondent.**

**Civ. No. CV–R–78–126–ECR.**

United States District Court, D. Nevada.

Oct. 6, 1982.

James W. Johnson, Jr., Johnson & Adams, Ltd., Reno, Nev., for petitioner.

Richard H. Bryan, Atty. Gen., Carson City, Nev. and Calvin R.X. Dunlap, Dist. Atty., Reno, Nev., for respondent.

## ORDER

EDWARD C. REED, Jr., District Judge.

Petitioner seeks reconsideration of the Court's order entered on June 11, 1982, staying the proceedings herein pending resolution of petitioner's motion in the state trial court for a new trial upon remand to that court by the Supreme Court of Nevada. While the Court does not deem it appropriate to vacate the order of June 11, 1982, further clarification of the underlying basis for that ruling is, perhaps, desirable. Concurrently with petitioner's said motion, respondent has filed a motion herein to continue the stay of these proceedings or alternatively to dismiss them for claimed failure of petitioner to exhaust state remedies. For the reasons stated below respondent's motion to dismiss must be denied, although the stay will be continued on the grounds set forth in this order.

■ The record indicates that petitioner had sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b) at the time this action was commenced. Furthermore, once the issues of the federal habeas petition have been "fairly presented" to the State court, the fact that a direct appeal involving the same issues is still pending in the state system is not a reason for the federal district court to dismiss a state prisoner's habeas corpus petition. *Escobedo v. Estelle,* 650 F.2d 70 (5th Cir.1981).

■ Obviously, in this case the Court has not dismissed the instant petition but rather has retained jurisdiction over all matters presented in it. While the requirement of exhaustion of state remedies as codified in 28 U.S.C. § 2254(b) is based upon notions of federal-state comity, *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the principles of comity in this context are not necessarily coextensive with the exhaustion requirement. That is, once this Court has determined, at the outset of the case, that the requirement of exhaustion of state rem-

edies has been met and has taken jurisdiction over the claims presented in the federal habeas petition and where petitioner continues to concurrently seek relief on at least some of the same claims presented in the state system, it is entirely proper for this Court to abstain from taking further action on the habeas petition in a situation, such as this, in which the State Supreme Court has remanded the denial of the motion for a new trial to the state trial court for further determination.

■ The petitioner contends that the staying of this action pending outcome of the state proceeding would result in unnecessary costs and expense since the same evidence and testimony may well be presented in both the state trial court and possibly later in this proceeding as well. Such a contention does not provide an appropriate basis to reconsider the June 11, 1982, order. The Court cannot assume, as petitioner apparently does, that the relief he seeks in state court, that of a new trial, will not be granted. Considerations of comity require that we assume state courts will perform their duty to uphold the Constitution of the United States to the best of their abilities. *Aristocrat Health Club of Hartford, Inc. v. Chaucer,* 451 F.Supp. 210 (D.Conn.1978). In addition, petitioner does not stand to be prejudiced by this Court's present ruling, since an avenue for relief remains available before the state trial court and ultimately, if necessary, before this Court as well.

■ As stated in the early case of *Ex Parte Royall,* 117 U.S. 241, 253, 6 S.Ct. 734, 741, 29 L.Ed. 868 (1886), the underlying basis for the doctrine of comity is that " . . . one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Even though the exhaustion requirement may be met, comity is nevertheless an appropriate basis to stay these proceedings, pending resolution of the state court case in

its present posture. The unusual situation presented here is that petitioner has actually obtained a favorable determination on a motion for new trial from the Nevada Supreme Court. That court has ordered further proceedings before the state trial court. Under these circumstances, even though the exhaustion of state remedies requirement of 28 U.S.C. § 2254(d) has technically been met, nevertheless according to the equitable principles of comity and federalism, the fact that petitioner now has a concrete opportunity to obtain the desired relief in the state trial court provides this Court with an appropriate basis to exercise its discretion to stay these proceedings pending outcome of the present state court proceedings. This decision is reached in large part out of due respect and deference to the state court's orderly administration of its criminal justice system.

IT IS HEREBY ORDERED that petitioner's motion, filed August 4, 1982, for reconsideration of order staying federal habeas corpus proceeding is DENIED.

IT IS FURTHER ORDERED that respondent's motion to dismiss these proceedings is DENIED.